FIELD v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroad**: DITCHES: PLEADING. A petition in an action against a railroad company for flooding the plaintiff's land stated that defendant " failed to keep its road in such condition as to prevent injury to plaintiff; but negligently and carelessly failed to make and keep open proper ditches for the purpose of leading the water off of plaintiff's land." There was no averment of any fact showing that defendant was under any legal obligation to maintain ditches. *Held,* that for want of such averment the petition was fatally defective.

2. **Pleading Breach of Duty**. Where an action is grounded on a breach of duty, the facts out of which the duty arises must be pleaded. The plaintiff must state the facts which constitute his cause of action. He cannot state one and prove another ; nor if he fails to state any, can he supply the defects in his petition by evidence at the trial.

*Appeal from Platte Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*M. A. Low* for appellant.

When the plaintiff's right is founded upon an obligation of law, or an obligation on the part of the defendant to observe some particular duty, the declaration must state concisely the circumstances which give rise to the defendant's particular duty or liability. Moak's Van Santvoord's Plead., (3 Ed.) 219 ; 1 Estee's Plead., (1 Ed.) 204 ; *City of Buffalo v. Holloway,* 7 N. Y. 493 ; *Leas v. White,* 15 Iowa 187 ; *Nickerson v. Bridgeport Hydraulic Co.,* 46 Conn. 24 ; *s. c.,* 33 Am. Rep. 755. And the evidence should be confined to the facts. *Waldhier v. R. R. Co.,* 71 Mo. 514 ; *Luckie v. R. R. Co.,* 67 Mo. 245 ; *Edens v. R. R. Co.,* 72 Mo. 212 ; *Price v. R. R. Co.,* 72 Mo. 414 ; *Bullene v. Smith,* 73 Mo. 151, 162 ; *Harrison v. R. R. Co.,* 74 Mo. 369 ; *Marquette, etc., R. R. Co. v. Marcott,* 41 Mich. 433 ; *C., B. & Q. R. R.*

*Co. v. Lee*, 68 Ill. 576 ; *Manuel v. R. R. Co.*, 56 Iowa 655 ; *Munkers v. R. R. Co.*, 60 Mo. 339. The railroad company had a right to obstruct the flow of surface water, and cannot be made liable in this action. *Imler v. Springfield*, 55 Mo. 119; *McCormick v. R. R. Co.*, 57 Mo. 433; 70 Mo. 359; *Munkers v. R. R. Co.*, 60 Mo. 334 ; *Laumir v. Francis*, 23 Mo. 181; *Barkley v. Wilcox*, 86 N. Y. 140; *s. c.*, 40 Am. Rep. 519 ; *Gibbs v. Williams*, 25 Kas. 214; *s. c.*, 37 Am. Rep. 241.

*J. E. & J. F. Merryman* for respondent.

HENRY, J.—This is a suit to recover damages for the destruction of a growing crop of corn on plaintiff's land, and, after relating plaintiff's ownership of the land, and that defendant had for years past been using a strip of said land for a right of way and running its train of cars over it, the cause of action is thus stated : "That defendant failed to keep its road in such condition as to prevent injury to plaintiff; but negligently and carelessly failed to make, and keep open, proper ditches for the purpose of leading the water off of plaintiff's land; and in consequence of the careless and negligent conduct of defendant, as aforesaid, the water was dammed up, and caused to flow back, and over the land of plaintiff, and destroy his growing crop, to his damage," etc. The defendant objected to the introduction of any evidence because no cause of action was stated in the petition, but the court overruled his objection, and on the trial plaintiff obtained a judgment from which defendant appeals. In his motion in arrest, defendant also made the objection that no cause of action was stated in the petition.

The complaint in the petition, and the only cause of action alleged, is "that defendant failed to keep its road in such condition as to prevent injury to plaintiff, but negligently failed to make, and keep open, proper ditches for the purpose of leading the

1. RAILROAD: ditches: pleading.

water off of plaintiff's land." Placing the most favorable construction upon the petition, which is to take it as alleging " that defendant failed to keep its road in such condition as to prevent injury to plaintiff's land, by negligently and carelessly failing to make, and keep open, proper ditches to lead the water off of plaintiff's land," it does not state a cause of action. It is not alleged that the railroad-bed was raised above the surface of plaintiff's land through which it passed, and if on a level with that surface it could not have obstructed the flow of surface water. If, on the other hand, it made an embankment where it ran through his land, the statute only requires ditches sufficient to carry off the surface water, along the sides of the embankment; and we know of no statute or principle of the common or civil law, which, on the facts stated in this petition, requires the railroad company to open ditches for the purpose of draining the land of an adjoining proprietor. There is no allegation that the company constructed its road so as to obstruct the flow of surface water and throw it back upon plaintiff's land, and failed to make and keep open the ditches required by the statute, along the side of its road.

No facts are alleged in the petition which show any legal obligation upon defendant to do what plaintiff complains of its omission to do, and, when a suit is for a breach of duty, the facts out of which it arises must be pleaded.

2. PLEADING BREACH OF DUTY.

If the nature of the complaint can be conjectured from plaintiff's petition, it is of an obstruction of the flow of surface water. It is an insufficient statement of a cause of action in that view.

On the trial, plaintiff was permitted, over defendant's objection, to prove the obstruction of a running stream, and yet no one would construe the petition as stating such a cause of action. The plaintiff must state the facts which constitute his cause of action. He cannot state one and

prove another, nor, if he states none, can he supply the defects in his petition by evidence at the trial.

All concur in reversing the judgment and remanding the cause.