Coe, *Appellant,* v. Griggs.

1. **Slander** : PLEA IN MITIGATION. A plea in mitigation of damages in an action for slander, should not contain an averment of the truth of the alleged slanderous words.

2. ———— : JUSTIFICATION : EVIDENCE. Where a defendant in an action for slander pleads in justification, it is not error to exclude evidence that since the commencement of the suit he has repeated the alleged slanderous words.

3. ———— : PRACTICE. It is no error to permit the defendant to read the plaintiff's petition to the jury.

4. ———— : STATUTE OF FRAUDS : PAROL EVIDENCE. In an action for slander the petition charged that defendant said of plaintiff, " You stole my rock." Defendant pleaded in mitigation of damages that plaintiff had let a quarry to one M. who had quarried the rock and set it apart for defendant and had been paid for it by defendant, and that plaintiff, though he knew this, had taken the rock and converted it to his own use. At the trial parol evidence was admitted of the letting of the quarry to M. *Held,* no error.

5. **Instructions.** The court censures the multiplication of instructions as tending to embarrass and confuse the jury.

6. **Slander.** To sustain an action for slander it is necessary to prove the exact language alleged to have· been used by defendant, or enough of the exact language to constitute the charge. It is not sufficient to prove different words of similar import or equivalent in meaning.

*Appeal from Knox Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

AFFIRMED.

*W. W. Cover* for appellant.

*Blair & Marchand* for respondent.

HENRY, J.—This is an action for slander. The petition contains three counts. The first charges that defendant spoke of and concerning the plaintiff the following: " You stole that money." " He stole that money, and you know it, I know it, and we all know it."

The second count charges that the language employed was: " You are a damned thieving scoundrel, you damned thief."

The third charges that defendant said of plaintiff the following: " Damn you, you stole my rock, and you know it." " You stole the rock, and you know it."

The answer to the first count is a general denial. As to the second and third counts, defendant justified, and also pleaded, by way of mitigation of. damages, that in the spring of 1875, at Knox county, plaintiff leased to one Miller a rock quarry on plaintiff's land for two years; that in November, 1875, defendant contracted with Miller for sixteen perches of rock to be taken from said quarry, and that in December, 1875, Miller took out of said quarry sixteen perches of rock and set them apart for defendant who paid Miller for them, and Miller notified plaintiff of the fact; that afterwards plaintiff hauled away said rocks without the consent or knowledge of defendant, and converted them to his own use; and that on the foregoing facts he spoke of plaintiff the words mentioned in plaintiff's second and third counts, believing at the time that plaintiff had stolen his rocks. The reply is a general de-

nial. From a judgment in favor of defendant plaintiff has appealed.

It is contended that the matter pleaded in mitigation is insufficient, because it is not alleged that plaintiff wrong-

1. SLANDER: plea in mitigation. fully or feloniously took the rock, or that he took it with the intent to convert it to his own use, or without defendant's consent. The force of this objection is not perceived. Defendant had already justified by alleging that plaintiff did unlawfully steal, take and carry away the rocks, and Starkie on Slander, page 477, cited by appellant's counsel in support of the proposition that in a plea of justification the same particularity is required as in an indictment for larceny, says: "Where the original charge is in itself specific, the defendant need not further particularize it in his plea. In an action on the case for calling plaintiff a thief and saying that he stole two sheep of J. S., the defendant pleaded that the plaintiff stole the same sheep, by reason of which, etc.; the plea was held good." If in the matter pleaded in mitigation, defendant were required to repeat the slander complained of, it would be an absurd blending of mitigation and aggravation. The matter alleged in mitigation contains the ground on which defendant made the charge, and if it went to the full extent of alleging the plaintiff's guilt, it would be a plea of justification, with the particulars. It would defeat the very object of such pleading, authorized by the statute, to require the defendant to reiterate the slander. *Atteberry v. Powell*, 29 Mo. 429, and other cases cited by appellant's counsel, have no application to this case.

He also complains of the rejection of testimony offered by him to prove that after the commencement of the suit

2. ——: justification: evidence. defendant repeated the slander alleged in the first count. By his plea of justification defendant in the most formal, deliberate and solemn manner, admitted the speaking of the words, and justified. This was a continuous declaration from the filing of the plea

to the close of the case, in the most solemn and public manner, that plaintiff had stolen defendant's rocks, and how it would have helped plaintiff's case to prove an oral repetition of the same, within the same period of time, we are at a loss to conjecture.

He also objects that defendant's attorney was permitted to read to the jury plaintiff's petition. This is a most re-

3. ——: practice. markable complaint, and we doubt if any court was ever before called upon to decide such a question. It was the plaintiff's own petition in the cause on trial. His own statement of the grievancies which defendant was summoned to answer. There was no error in permitting defendant to read it to the jury. As well might the State object to defendant's reading to the jury the indictment upon which he was arraigned.

The contract between Miller and plaintiff, under which Miller held the quarry, was verbal, and it is contended that

4. ——: s t a tute evidence thereof was therefore inadmissible. of frauds: parol evidence. The statute of frauds has no application to such a case as this. It furnishes no foundation for the position, that one who, under a verbal lease, enters upon land and raises a crop which he harvests, is not entitled, against the lessor and all the world, to the harvested crop. He may not prove the contract either to get or to retain possession of the leased premises, but he may do so in order to retain the fruits of his labor and industry; otherwise the statute might be appropriately denominated a statute to encourage and protect fraud. Defendant purchased of Miller and paid for the rock, and they were his to all intents and purposes. The jury heard the evidence, and passed upon the question of plaintiff's guilt, as charged by defendant, and we are not at liberty, where there is evidence to warrant their finding to set aside their verdict.

Plaintiff asked thirty-two instructions, seventeen of which were given, and complains that fifteen were refused.

5. INSTRUCTIONS. We shall not embody them in this opinion

but dispose of them by saying, that the seventeen given, not only once but over and over again, declared all the law applicable to the plaintiff's case, and when an attorney in such a case will ask thirty-two instructions, the court would be justified in refusing them all and preparing and declaring the law in such a number of instructions as would not embarrass and confuse the jury. Defendant asked nine which were given.

The third was in substance, that it devolved upon plaintiff to prove by a preponderance of evidence, that 6. SLANDER. defendant used the exact language charged in the first count, or enough of the exact words to constitute the charge therein, and it is not sufficient to prove different words of similar import or words equivalent in meaning to said words. Taking this instruction as an entirety, it is in exact accordance, in the doctrine it declares, with *Berry v. Dryden,* 7 Mo. 324, and *Birch v. Benton,* 26 Mo. 154.

Plaintiff had the full benefit of the doctrine of reasonable doubt, by an instruction given at his instance and in one given for defendant which fully recognized it, and while defendant's fourth instruction does not enunciate that doctrine, there is nothing in it which conflicts with the instruction for plaintiff which does declare it explicitly.

Having discovered no error in the record which would warrant a reversal of the judgment, it is affirmed. All concur.