JAMES H. MURPHY, Appellant, v. WILLIAM H. BEDFORD, Respondent.

| 18 | 279 |
| 35 | 540 |

### Kansas City Court of Appeals, June 8, 1885.

1. EVIDENCE—EFFECT AND TENDENCY OF CONVERSATION TO BE DETERMINED BY THE JURY.—It is the province of the jury, under proper directions from the court, to determine what was intended by conversations between parties, introduced in evidence, and the tendency and effect of it as in the nature of admissions, or the contrary ; and unless there is urgent occasion, the courts will not interfere with their findings.

2. PLEADING—THERE MUST BE CORRESPONDENCE BETWEEN AVERMENTS AND PROOF.—There cannot be a declaration on one cause of action, and recovery upon another. *Clements v. Yeates*, 76 Mo. 623 ; *Newham v. Kenton* 382.

APPEAL from Andrew Circuit Court, HON. H. S. KELLY, J.

*Affirmed.*

Statement of case by the court.

The petition is transcribed in the opinion. The suit was brought before a justice of the peace and judgment rendered for plaintiff. Appeal was taken to circuit court where judgment was for defendant. After unavailing steps for new trial, the plaintiff brings the case to this court by appeal.

The evidence tended to show the following state of facts : That about the 10th of October, 1880, one A. Reed Murphy, at the request of defendant, "let him have" some money to the amount of $350, without any note or memorandum as evidence of the transaction. In May, 1881, plaintiff, being at defendant's house, defendant said to him : "Uncle Reed is now claiming that the money I got from him last fall is your money." Plaintiff answered, "I guess it is." Defendant then said, "I borrowed it from Reed, but I reckon, if it is yours, you do not have to have it?" Plaintiff answered, "No; I guess you never get so hard up that you cannot raise that amount of money." Defendant replied, "I never have yet."

Nothing further was said about the matter until eight or ten months after the loan (June, or August, 1881), when A. Reed Murphy asked defendant to make a note for the $350, payable to plaintiff, saying that it was his (plaintiff's) money. Defendant agreed to this if Reed Murphy would indorse a credit on the note of $90 and interest, which Reed Murphy owed him, or give to defendant his own note for that amount. This was refused by Reed Murphy, and no note was given by either of them. Afterwards defendant paid $250 to Reed Murphy, which the plaintiff allowed as a credit in his suit before the justice. The theory of plaintiff's case is that the money is due from defendant to him, and that *he* has nothing to do with any unsettled matters between defendant and Reed Murphy. The theory of defendant is, that his whole transaction was with Reed Murphy alone, and that he is not the debtor of plaintiff.

The instructions given in the case are to the effect following substantially :

"Before the jury can find for the plaintiff, they must believe from the evidence that the money loaned defendant was plaintiff's money.

"If there was an agreement between plaintiff and A. Reed Murphy, that defendant should pay the money to plaintiff, and the defendant consented to the arrangement, or agreed with plaintiff to pay the same, then the finding should be for plaintiff."

Also the following instruction for the plaintiff, *modifying it by the words in italics :* "If the jury believe from the evidence, that the defendant checked from the bank, in the name of Reed Murphy, the sum of $350 by the direction of said Murphy, and used the same, and was afterwards informed by Reed Murphy and James Murphy that the said money was paid in bank for James Murphy, and was the money of James Murphy, and defendant *recognized James Murphy as his creditor*, and requested further time to pay the said money of James Murphy, and was granted further time by said James Murphy, the said James Murphy had the right to sue for and collect

said money, and the jury will find the balance, if any, for the plaintiff."

C. F. BOOHER and WILLIAM HEREN, for the appellant.

I. The evidence is clear and conclusive that the money got by defendant from Reed Murphy was, if not in law, in equity, by the intendment of Reed Murphy, the money of Jim Murphy, the plaintiff; and that Reed Murphy had so informed both plaintiff and defendant, and that they had both assented to it. * * * We maintain that an action could be brought to recover the same by either Reed or Jim Murphy; that the recovery by either would be a bar to another action for the same debt, and it does not lie in the mouth of defendant to elect which one shall bring the suit; and it is not necessary to a recovery in such case that defendant should "recognize James Murphy as his creditor," as the court told the jury over the objection of the plaintiff. *Rogers et al. v. Gosnell*, 51 Mo. 456.

II. Defendant agreed with James Murphy, if not directly, clearly by implication, to pay said James Murphy the said debt, and for valuable consideration receiving said money, and clearly, by implication, getting time from said James Murphy to pay said debt. "It is now settled in this state and elsewhere, that a promise made to one for a valuable consideration, moving from him to another, who agrees to pay a sum of money to a third person, will support an action by the latter." *Cress v. Blodgett*, 64 Mo. 452; *Rogers v. Gosnell*, 58 Mo. 589.

III. The court erred in giving the instructions to the jury against the objections of the plaintiff, and especially the *second* for defendant, which is not the law and was calculated to mislead the jury (*Cress v. Blodgett, supra*), and also erred in modifying the instruction asked by plaintiff. It is not the law that James Murphy must be the creditor of defendant in order to recover; besides, the words "recognized James Murphy as his creditor," was a question of law improperly submitted to the jury.

W. W. CALDWELL and SANDERS & MERCER, for respondent.

I. The money loaned to defendant was A. R. Murphy's money, and, if so, he was not the trustee of an express trust for plaintiff.

II. The cause of action in this case is by plaintiff pleaded thus : " That on the 23d of October, 1880, plaintiff, at the special instance and request of defendant, loaned to defendant the sum of $350, etc." *This is the issue* to be tried, and it is not *shown by any testimony in the case.* There is no principle of law better established than, when a party sues upon a contract, in order to recover he must *prove* the alleged contract. *Carson v. Cummings*, 69 Mo. 325. Also the plaintiff cannot sue upon one cause of action and recover upon another. *Clements v. Yeates*, 69 Mo. 623. But even if evidence on *a ground not pleaded* is admissible, it was submitted to the jury under the instructions of the court.

III. The instructions, considered entire, present the issues fairly and the verdict ought not to be disturbed. *Blewett v. R. R.*, 72 Mo. 583 ; *Maumermann v. Simerts*, 71 Mo. 101.

Opinion by ELLISON, J.

From the evidence in this case there can be no doubt whatever that the money borrowed by defendant was that of A. R. Murphy. The evidence from which the contrary conclusion is sought to be drawn, amounts to nothing. The fact that A. R. Murphy owed plaintiff, certainly did not make the money he had in bank in his own name, the money of plaintiff, conceding he intended to pay it to him at some time.

The proposition cannot be seriously maintained. The only possible way in which this could have become the claim of plaintiff, and that defendant could have become the debtor of plaintiff, is by the conversation occurring between plaintiff and defendant, in which defendant said to plaintiff, " Uncle Reed is now claiming that the money I got from him last fall is your money ;" plaintiff replying, " I guess it is." Defendant stating, " that he bor-

rowed it from Reed, but I reckon if it is yours, you do not have to have it." And plaintiff, replying, "No, I guess you never get so hard up that you cannot raise that amount of money." Defendant answering, "he never had yet." What was intended by this conversation, and as to whether it was intended as a recognition of debtor and creditor by the parties to it, and further time given on the debt by plaintiff, was properly submitted to the jury. But, conceding it was not properly submitted, we are of the opinion plaintiff had no right under his pleading to submit the question. He declares :

"For cause of action, plaintiff states that on the 23d day of October, A. D., 1880, plaintiff, at the special instance and request of defendant, loaned to the said defendant the sum of $350 ; that defendant promised and agreed to pay plaintiff, for the use of said money, interest at the rate of ten per cent. per annum from the said 23d day of October, 1880, until said sum as aforesaid should be well and truly paid ; plaintiff paid defendant $250 in part payment of the sum so loaned as aforesaid ; that defendant still owes and is indebted to plaintiff in the principal sum of $100, with all the interest due on the said sum so loaned to defendant as aforesaid, with all the interest due thereon ; that there is now due plaintiff from the defendant the sum of $142.75.

" Plaintiff, therefore, prays judgment for said sum of $142.75, and for all costs of this suit.

Under such pleading it is not competent for plaintiff to offer proof of borrowing of one, and several months thereafter promising that one to pay to a third party, in consideration of an extension of time from him.

There cannot be a declaration on one cause of action and recovery upon another. *Clements v. Yeates*, 76 Mo. 623 ; *Harrison v. Ry. Co.*, 37 Mo. 307 ; *Link v. Vaughn*, 17 Mo. 585 ; *Newham v. Kenton*, 79 Mo. 385–6.

The authorities cited by appellant do not apply to the case presented here. We have examined all objections presented by him and think them not well founded. He appeals to this court for a reversal of the cause for the

reason that defendant is making a cover of legal technicalities to avoid a debt; that as he borrowed the money, and would be protected by a judgment in plaintiff's favor, he should be compelled to pay. We cannot, from such consideration, avoid our duty of construing the law as we understand it. Besides, we are unable to say but that the evidence in this cause would as readily lead one to believe this suit is maintained by the present plaintiff to avoid a set-off, which appears from the evidence to exist against the party from whom the money was borrowed, as that defendant is covering under the technicalities of the law.

The judgment is affirmed. All concur.