JACOB PHLEGER, Appellant, v. JOSEPH C. WELTNER, Respondent.

Kansas City Court of Appeals, April 19, 1886.

1. PRACTICE—PLEADING—VARIANCE IN THE AVERMENTS AND PROOF—CASE ADJUDGED.—Where the petition bases the right of recovery by the plaintiff, upon the false and fraudulent representations as to an *amount* paid by defendant for plaintiff, and upon the payment of said *amount* by plaintiff, in *ignorance* of the fact that said representations were false and fraudulent, and the *proof* was, at the trial, of false and fraudulent representations, as alleged, and of an *involuntary* payment *under duress, with knowledge of all the facts. Held,* a failure of proof, and not a mere variance, and that by such proof the cause of action alleged in the petition was unproved "in its entire scope and meaning," and not in some particulars only.

2. ———— ALLEGING ONE CAUSE OF ACTION IN PETITION—ESTABLISHING ANOTHER BY PROOF—CASE ADJUDGED.—The plaintiff, in this case, could not allege one cause of action in the petition, and recover upon another cause of action, established by the proof. Such proof does not tend to establish the cause of action on which recovery is sought, and declarations of law based upon such proof are properly refused.

APPEAL from Carroll Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

Statement of case by the court.

The petition in this case is as follows: "Plaintiff states that on or about the fifteeth day of March, 1879, he employed defendant to purchase for plaintiff's use, an engine, boiler, and other milling machinery, from the Wardyke and Marmory Company of Indianapolis, Indiana. That by the terms of the contract, defendant was to purchase and pay for said machinery, and plaintiff was to execute to defendant his note for the purchase price thereof, due one year after date, with ten per cent. compound interest per annum until paid, from date, the same to be secured by deed of trust on certain real estate and machinery, and the mill in which same was placed. That on the third day of March, A. D. 1879, defendant represented to plaintiff that he had purchased said machinery at and for the price and sum of thirty-one hundred and fifty ($3150) dollars, and desired plaintiff to execute his note and deed of trust. Therefore, in accordance with said agreement, that plaintiff relying on said representations, executed and delivered to defendant his note for said sum of money, and deed of trust on the real estate, mill, and machinery, as agreed on, to secure said note. That plaintiff has paid to defendant the full amount of said note and interest, the last payment having been made on said debt between March 19, 1881, and April 26, 1881, said note having been renewed on the fourteenth day of August, 1880, for a balance then due of $1,965.67, and said last payment having been made on said renewal note. Plaintiff alleges and charges said representation of defendant, as to the amount he had paid for said machinery, was false and fraudulent. That, in truth, and in fact, defendant only paid therefor the sum of $2,750, and that, at the date of the execution of said note, and payments thereon, he was ignorant of the fact that defendant had deceived him as to the amount paid for said machinery. Wherefore, plaintiff says that he is entitled to have and recover of defendant the said sum of

four hundred dollars, the difference between the amount actually paid by defendant and the amount paid by plaintiff to defendant, with ten per cent. interest thereon, from date of said note, for which sum, together with the interest, he asks judgment, and all other relief."

The answer denies the allegations of the petition, except as said answer admitted. The answer avers that the defendant bought the machinery on his own account, and not as the plaintiff's agent, and admits that the defendant paid $2,750 for said machinery; it also avers that the defendant sold the said machinery for $3,150, for which sum the latter executed his note and deed of trust according to agreement; it further avers that the plaintiff paid the note aforesaid voluntarily, with full knowledge of all the facts, and in settlement of the whole transaction.

The reply is a general denial of the new matter set up in the answer.

The evidence is not contained in the bill of exceptions. It simply appears, from the bill of exceptions, that the plaintiff offered evidence tending to prove the allegations in the petition; that the defendant offered evidence tending to support the allegations in his answer, and that "the plaintiff also offered testimony tending to prove that at the time he paid said alleged balance of four hundred dollars, the deed of trust on his mill and machinery, and the real estate upon which the same is situated, had been placed in the hands of Hiram Jaqua, trustee, with instructions to advertise and sell the same unless the debt was paid, and that upon the representation that it would be better for him to pay said balance, he thereupon paid it."

The case was tried by the court sitting as a jury. No declarations of law were given in the case. The court refused to give the following declarations of law, asked by the plaintiff:

"1. If the court find, from the evidence, that the four hundred dollars in issue, or any part thereof, was

fraudulently or wrongfully claimed by defendant, and included in the note and deed of trust, when, in fact, the defendant had only paid $2,750, and not $3,150, for the machinery, and that plaintiff paid said alleged excess after the deed of trust and note had been placed in the hands of the trustee, with instructions to advertise and sell said property, unless the same was paid, and that plaintiff thereupon paid such excess, the verdict and finding should be for the plaintiff. Although, the court may further find, from the testimony, that at the time of the payment he had knowledge or information of such overcharge, and that upon a conversation with the trustee, who advised him to pay it, and agreed to, and did, thereupon, pay such excess."

"2. That if plaintiff paid said alleged excess upon a threat of the sale of the mill, machinery, and real estate, upon which the same stood, under a deed of trust which defendant held thereon, to secure said indebtedness, and was about to carry such threat into execution, then the verdict and finding should be for plaintiff for the amount which the court may find that defendant overcharged plaintiff, and included in said deed of trust, if the court further finds that the transaction was, in fact, a loan of the money, and not an actual sale of the machinery by defendant to plaintiff."

"3. If the note and deed of trust, in evidence, were obtained by false and fraudulent representations made by defendant as to the amount he paid for said machinery, and plaintiff paid said alleged excess in order to release his mill, machinery, and real estate from the lien thereon, and from a threatened sale thereunder, then the payment was involuntary, and the verdict will, and should, be for the plaintiff for the amount of said excess."

The court found for the defendant, and rendered judgment accordingly. The plaintiff has appealed to this court.

J. W. SEBREE, and HALE & SONS, for the appellant.
I. If there was fraud in the transaction, and no

duress, legal or moral, money voluntarily paid can be recovered back.   Or, if the facts show that the payment was *involuntary*, or under moral or legal duress, plaintiff ought to recover.   Defendant was armed, not only with apparent, but real authority, under the deed of trust, to take possession of and sell plaintiff's property, without resorting to an action at law exclusively, and the payment to him by plaintiff was involuntary.   *State v. Swope*, 72 Mo. 399 ; *Wolf v. Marshall*, 52 Mo. 157 ; *Chaplin v. McDonough*, 33 Mo. 415.

II.   The payment of money under moral duress can be recovered back.   *McGuire v. State Savings Association*, 62 Mo. 348 ; *Davis v. Luster*, 64 Mo. 43 ; Story's Eq. Jur. (5 Ed.) sect. 239 ; *Harmony v. Bingham*, 12 N. Y. 107 ; 9 Cent. L. J. 236.   Duress at common law, by judicial interpretation, has been extended to *moral* duress.   Reason and justice demand that a party making an involuntary payment of money to emancipate his real estate from threatened sale, shall have the same right to recover it back as in case of personal property.   6 Cent. L. J. 194; *Brummagin v. Tillinghast*, 18 Cal. 266 ; *Mayor, etc., Baltimore v. Tefferman*, 4 Gill, 425 ; *Mays v. Cincinnati*, 1 Ohio St. 268.

Eads & Graham, for the respondent.

I.   This suit declares on one cause of action, and seeks to recover upon another and different cause of action. It is not simply a question of variance, which will be disregarded when objections are not properly taken, but of the very essence, and goes to the foundation of the action. If allowed in this case, it would be destructive of all certainty in pleading.   *Harris v. Railroad*, 37 Mo. 310 ; *Buchanan v. Salien*, 9 Mo. App. 552.

II.   It is not averred in the petition that there was a deed of trust on the property, or that defendant was threatening to foreclose it, or that the payment was made to prevent a sale ; and it is not averred that defendant had legal authority to seize the land.   There is no allega-

tion in the petition of a character to inform the defendant that he had to meet the charge that the money was paid under duress.

III. Fraud is alleged in the *procurement* of the note, but no fraud is alleged in the *payment* of the note. *Shultz v. Culbertson*, 46 Wis. 313. The payment was not in consequence of the alleged duress by the threat to foreclose the deed of trust, and the *act must be shown* to have been produced by the coercion, and is not necessarily presumed. Abbott's Trial Evid. 788 ; 26 Mich. 70.

IV. A plaintiff cannot introduce evidence to support a cause of action not set up in his petition, and a party is not entitled to a judgment on a finding of facts different from any theory set up in the petition. *Kerr v. Bell*, 44 Mo. 124 ; *Gartin v. Conrad*, 39 Mo. 357 ; *Harris v. Railroad*, 37 Mo. 307 ; *Ferguson v. Railroad*, 35 Mo. 452 ; *Link v. Vaughan*, 17 Mo. 587.

V. The duress which will avoid a contract, has reference to contracts only, under which money is paid *to release the person* or *personal property* from an actual or existing duress or detention. Such a thing as seizing and detaining real estate is not contemplated by any of the decisions. Duress by *threats* only exists when the threatened violence is such that the law affords no relief or protection. *Davis v. Luster*, 64 Mo. 43 ; 7 Wait's Actions and Def. 404 ; Parsons on Cont. 320. The instructions asked for plaintiff were properly refused.

HALL, J.—The question for our determination in this case arises from the action of the trial court in refusing to give the declarations of law asked by the plaintiff.

By the petition, the plaintiff's right to a recovery is made to depend upon the false and fraudulent representations made by the defendant as to the amount paid by him for certain machinery, and upon the payment of said amount by the plaintiff, in ignorance of the fact that the said representations were false and fraudulent. By the

petition, the payment by the plaintiff is made to have been voluntary and in ignorance of the actual facts. Upon no other than this cause of action, as alleged in the petition, without amendment of the petition, could the plaintiff have recovered. The plaintiff could not allege one cause of action in the petition, and recover upon another cause of action, established by the proof. *Field v. Ry. Co.*, 76 Mo. 616; *Waldhier v. Ry. Co.*, 71 Mo. 514.

Proof of the false and fraudulent representations made by the defendant, as alleged in the petition, and of the *involuntary* payment by the plaintiff *under duress, with knowledge of all the facts*, was a failure of proof, and not a mere variance. By such proof, the cause of action, alleged in the petition, was unproved "in its entire scope and meaning," and not in some particulars only. *Waldhier v. Ry. Co., supra*; *Beck v. Ferara*, 19 Mo. 30; sect. 3702, Rev. Stat.

A plaintiff cannot be permitted to base, in the petition, his cause of action upon a voluntary payment by him, without notice of certain fraud, and then to recover upon proof of an involuntary payment by him, made under duress, with full knowledge of said fraud.

The declarations of law asked by plaintiff, were founded upon supposed proof of duress; such proof did not tend to establish the cause of action alleged in the petition, and, hence, the declarations of law were properly refused by the court.

Judgment affirmed. All concur.