JAMES R. TRIMBLE, Respondent, v. STEWART, WILSON & BLAND, Appellants.

**Kansas City Court of Appeals, April 15, 1889.**

**Practice:** ALLEGATA ET PROBATA : VARIANCE : DEMURRER TO EVIDENCE. Plaintiff's petition alleged, that he employed defendants for a consideration to purchase for him certain real estate and to examine and furnish an abstract of title thereof which they did, and said abstract showed there were no unpaid taxes thereon which plaintiff believed and relied upon ; that said abstract was false in that there were five years' taxes due and unpaid which plaintiff was compelled to discharge. The evidence disclosed that the abstract omitted to show any taxes due or charged against the land, but in fact there were several years so due and charged. Plaintiff, however, testified that he relied upon defendant Wilson's statement that the title was clear and taxes were paid ; and did not examine the abstracts nor have a lawyer do so. *Held,* plaintiff cannot plead one cause of action and recover on another, and it was error to overrule a demurrer to plaintiff's evidence.

*Appeal from the Randolph Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

REVERSED AND REMANDED.

*A. H. Waller,* for appellants.

(1) Respondent's petition is based solely on an alleged false and misleading abstract of title, which was alleged to have been furnished him by appellants. No other cause of action is alleged. The evidence wholly fails to support the allegations of the petition. It not only fails to support the petition but proves the contrary. Respondent's demurrer to the evidence should therefore have been sustained. *Gurley v. Railroad,* 93 Mo. 447. (*a*) The court erred in admitting evidence of oral

representations and statements alleged to have been
made by R. A. Wilson, relative to title and taxes on
said lots, and respondent's reliance thereon, and in
rendering judgment against appellants on the strength
of this evidence. There is no allegation in the petition
to warrant the court in admitting this evidence or .to
sustain a judgment on this ground. *State v. Roberts*,
62 Mo. 388; *Husted v. Forsythe*, 56 Mo. 416; *White v.
Chaney*, 20 Mo. App. 329. (*b*) A party will not be
permitted by his evidence to contradict his pleadings.
*Seibert v. Allen*, 61 Mo. 482; *Bank v. Armstrong*, 62
Mo. 59; *Kerlin v. Weil*, 73 Mo. 213; *Weil v. Porton*,
77 Mo. 284; *Lenox v. Harrison*, 88 Mo. 491. (*c*) What-
ever is essential to be proved must be pleaded. *Coney
v. Wallace*, 22 Mo. App. 377. (*d*) Respondent cannot
sue upon one cause of action and recover upon another
not pleaded. *Cabanne v. Skinker*, 56 Mo. 357; *Murphy
v. Bedford*, 18 Mo. App. 279; *Clements v. Yeates*, 69
Mo. 623; *Mendock v. Brown*, 16 Mo. App. 548; *Ellis v.
Railroad*, 17 Mo. App. 126; *Hancock v. Buckley*, 18
Mo. App. 459; *Pfleger v. Weltner*, 21 Mo. App. 580;
*Kemp v. Foster*, 22 Mo. App. 643; *Field v. Railroad*,
76 Mo. 614. (*e*) When the facts are pleaded, inferences
contrary to those facts are not to be considered. *Gas
Co. v. Pratt*, 7 Mo. App. 573.

*A. P. Terrill*, for respondent.

Now appellant does not deny liability, but says
respondent's petition does not state such a cause of action
as was proven but was for a different cause of action,
or in other words there is a variance between the plead-
ings and evidence. While the petition may be inartifi-
cially drawn, there is no question that the contract as
alleged in the petition is not only substantially what was
proven, but is almost *verbatim*. As to the objection to

proof of representations made by appellants, as to the title they go to explain the written abstract furnished for, while it is not written on said abstract, no taxes due, the place for such statement is left blank, and hence to show why it was left blank, the statement of appellants was the best evidence. The judgment is right and should be affirmed. Parties furnishing false abstracts are liable for the damages sustained. *Clark v. Marshall*, 34 Mo. 429. We submit the judgment of the circuit court should be affirmed.

SMITH, P. J.—This case comes here by appeal from the circuit court of Randolph county.

The petition alleges that the plaintiff entered into an agreement with defendants, who were engaged in the business of real estate brokers and in furnishing abstracts of title to real estate in the county of Randolph, whereby he employed them for the consideration of one hundred dollars to purchase for him certain real estate and to examine and prepare an abstract of the title thereto ; that pursuant to said employment they did purchase said real estate and furnish him an abstract of the title thereof which showed there were *no unpaid taxes thereon which plaintiff believed and relied upon;* that the said abstract was false in that there were five years' taxes due and unpaid on said real estate which plaintiff was compelled to discharge, etc.

The petition, denuded of all the surplus and extraneous matter with which it is encumbered, is substantially as we have stated it to be.

The answer was a general denial.

The cause was tried before the court, a jury being waived. The evidence disclosed that the abstract which defendants furnished plaintiff did not show that there were any taxes or tax charges against said real estate. It wholly omitted to show that there were any

taxes of any kind due or charged against said real estate. The uncontradicted evidence showed that there were at the time defendants furnished their said abstract several years' taxes charged against said real estate which were unpaid.

The plaintiff himself, however, testified that "*I relied on Wilson's, a defendant's, statement, that the title was clear and that all taxes were paid. I believed his statement to be true, I did not examine the abstracts or have a lawyer to examine them.*" At the conclusion of the plaintiff's evidence the defendants interposed a demurrer thereto, which was overruled.

The finding of the court was for the plaintiff.

After an unsuccessful motion to set the same aside, judgment was rendered thereon and from which defendants appealed.

I. The question which we have to decide is whether the circuit court erred in its ruling on the demurrer to the evidence. It is quite manifest that there is a fatal lack of correspondence between the allegation of the petition and the proof. The petition charges · that defendants furnished plaintiff a false abstract of title upon which he relied and in consequence of which he suffered damages.

The plaintiff's own testimony was that he did not examine said abstract himself or have a lawyer to do it for him, but that he *relied entirely upon the statement of defendant Wilson that the title to said real property was clear and that all taxes had been paid.* The facts of this case bring it within the principle announced in that class of cases of which *Greely v. Railroad*, 93 Mo. 447, is among the most recent. The plaintiff pleaded one cause of action and recovered upon another. This is not permissible. *Murphy v. Bedford*, 18 Mo. App.

279 ; *Clements v. Yates*, 76 Mo. 623 ; *Cabanne v. Skinker*, 56 Mo. 357 ; *Field v. Railroad*, 76 Mo. 614.

There was no allegation in the petition under which the plaintiff's evidence was admissible.

The defendants' demurrer was improperly overruled. Judgment reversed and cause remanded with leave to plaintiff to amend his petition if he chooses to do so. All concur.