Link *v.* Vaughn.

LINK, Respondent, *vs.* VAUGHN, Appellant.

1. Under the code, a plaintiff can only recover on the cause of action alleged in his petition. Thus, under a petition for goods sold and delivered, he cannot recover on a state of facts which constitute a trespass *de bonis asportatis*.

*Appeal from Franklin Circuit Court.*

*Jones* and *Bay*, for appellant.

*J. D. Stevenson*, for respondent. The proof established a

different cause of action from that alleged in the petition, and therefore the plaintiff could not recover. *Butcher* v. *Death & Teasdale*, 15 Mo. Rep. 271.

GAMBLE, Judge, delivered the opinion of the court.

1. The only question in this case is, whether the court erred in declaring that the evidence given by the plaintiff did not apply to or sustain the cause of action set out in the petition. The petition is for one hundred and ten bushels of wheat and for one and a half acres of meadow, received by the defendant from the plaintiff, and is accompanied by an account in which the defendant is made debtor to the plaintiff for the wheat at sixty-two and a half cents per bushel, and for the meadow at twenty dollars. The evidence offered consisted of a deed from the defendant to the plaintiff for a tract of land on which a crop of wheat and grass was growing, and proof that the defendant harvested and sold the crop. Evidence was given upon the question which appears to have been disputed between the parties, whether the defendant was, by an agreement with the plaintiff, entitled to the growing crop. The Circuit Court decided that, although the plaintiff might be entitled to recover from the defendant, for the value of the wheat and grass, yet, that, under our present system of practice, he was not entitled to recover upon the present petition.

The Circuit Court rightly held the petition to mean that the defendant was indebted to the plaintiff for articles sold and delivered by the plaintiff. The code requires the petition to contain "a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." It is not supposed, that this clause of the code authorizes a person, whose chattels have been taken away by a trespasser or converted by a bailee, to waive such cause of action and charge the defendant as a purchaser of the chattels. On the contrary, it is the evident design of

the code that the petition shall state the facts as they actually exist, and as the plaintiff expects to prove them. The truth of the statements, in their ordinary meaning, is to be sworn to by the plaintiff, and these allegations are to be specifically answered by the defendant under oath. Thus issues are to be formed upon the facts which constitute the cause of action.

As the meaning of the petition and the account filed with it is, that the defendant is indebted to the plaintiff for articles sold to him, the evidence which was intended to prove that the defendant, without the plaintiff's consent, cut and carried away wheat and grass growing on the plaintiff's land, did not support the petition.

The judgment, with the concurrence of the other judges, is affirmed.