DUNCAN'S ADMINISTRATOR, Respondent, *vs.* FISHER, Appellant.

18  403
157  506
18  403
87a 254

1. The petition stated a case of trover and conversion. The proof was, that the goods were lost by the negligence of the defendant. *Held,* the plaintiff could not recover, without amending his petition.

*Appeal from Buchanan Circuit Court.*

*Hayden,* for appellant.
*Gardenhire,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

Duncan, in his petition, charges that he left certain articles of personal property with the defendant, Fisher, at St. Joseph, which the defendant undertook, for a consideration, to keep safely, " and forward in a safe and careful manner, without unnecessary delay, to the mouth of Big Tarkio, in Holt coun-

ty." The default of the defendant is thus charged in the petition : " The defendant, after he had received the goods, failed and refused to. forward them to the mouth of Big Tarkio, or to any other place where he could have sent them to plaintiff, but, on the contrary thereof, defendant has retained said goods and chattels, and has utterly refused to deliver the same to the plaintiff, although demanded ; but plaintiff says that the defendant has converted said goods and chattels to his own use, and still refuses to deliver the same to the plaintiff, or otherwise account for the same." The defendant, in his answer, alleges, that he forwarded the goods, and denies the conversion of them to his use.

After the evidence was closed at the trial, the court instructed the jury, " that if the plaintiff left the goods with the defendant, and the defendant agreed to keep them and forward them to the plaintiff, and received pay therefor, and that the goods were afterwards lost to the plaintiff by the neglect of the defendant, the jury should find for the plaintiff the value of the articles so lost."

1. The case made in the petition is clearly a case of trover and conversion. A bailee, whose duty it was to forward the goods, is charged with a failure to forward them, keeping them in his possession, refusing to deliver them, and converting them to his own use. The jury are told that, upon such a petition, the plaintiff is entitled to their verdict, if he placed the goods in the hands of the defendant to be forwarded, and they were lost by the negligence of the defendant. The instruction thus given puts before the jury a different case from that made in the petition. The change made in our practice does not relieve the parties from the necessity of establishing, by evidence, the case made in their respective pleadings, or authorize a verdict on evidence, which shows a different right of recovery.

The code provides for amendments at the trial, in order to conform the pleadings to the facts as developed in the evidence, but before the verdict is given for a plaintiff, his petition must state the cause of action which the evidence sustains. If the

court, by an instruction, directs a finding in his favor upon a cause of action different from that stated in the petition, such instruction is erroneous.

An action of trover would not lie against the present defendant for a loss by negligence. 1 Chitty's Pl. 178. 2 Saund. 47 f. The remedy must be by action on the case or assumpsit. The plaintiff has chosen to put his right to recover upon a conversion of the goods by the defendant, and has not pretended, in his petition, that they were lost by the negligence of the defendant.

It has been repeatedly decided by this court, that the plaintiff must recover upon the case made in his petition, and this rule is in conflict with the instruction given in the present case.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.