BECK, Defendant in Error, *vs.* Ferrara, Plaintiff in Error.

1. The petition stated that the defendant was indebted to the plaintiff for stall No. 20 in the North Market, which was purchased by the plaintiff from a third party for defendant at his special instance and request. The proof was that the plaintiff bought the stall for himself, and afterwards sold it to the defendant. *Held,* this was an entire failure of proof of the cause of action alleged in the petition, (within the meaning of section 3 of art. 11 of the new code of practice,) and not a mere variance.

### *Error to St. Louis Court of Common Pleas.*

*Bay* and *Gardner,* for plaintiff in error. The court below erred in permitting evidence of the sale of the stall by Beck to Ferrara to go to the jury. No such issue was made by the pleadings. *Link* v. *Vaughn,* 17 Mo. Rep.

*H. N. Hart,* for defendant in error. If there was any variance between the pleadings and the proof, it was not a material one under the new practice.

RYLAND, Judge, delivered the opinion of the court.

1. The only question of importance for the consideration of this court is in relation to the third item of the plaintiff's account; that is for the stall in the North Market. The petition charges as follows, after stating the first item for board and the second for hire of a horse and wagon, &c., "and for

a certain stall in the North Market House, known as stall No. 20, which said stall No. 20 was purchased by said John Beck from one Hargens for the sum of five hundred dollars, for him, the said defendant, and at his special instance and request ; and which said sum of five hundred dollars, the price of said stall, paid by said John Beck, as aforesaid, he, the said defendant, promised to pay said John Beck, but which he has failed to do." The account of the particulars filed has three items, the third as follows : " To stall No. 20 in the North Market, purchased by John Beck, deceased, for you and at your request, from one Hargens, and for which said Beck paid five hundred dollars, and which you promised to pay. $500."

The defendant, in his answer, denies that Beck ever purchased from one Hargens a stall in the North Market House, as stall No. 20, for the sum of five hundred dollars, or any other sum, for him, the said defendant, and at his instance and request ; denies that he ever requested said Beck to buy said stall for him, and denies that he ever promised to pay said Beck the sum of five hundred dollars or any other sum for said stall."

The proof shows that Beck bought the stall mentioned in the petition from Hargens for himself, and afterwards he sold the same to Ferrara. There is a total failure in the proof to sustain the charge and allegation in relation to the stall, as made and set forth in the petition. Section 3, art. 11, code of practice, declares that, where however, the allegation of the cause of action or defence to which the proof is directed, is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, within the last two sections, but a failure of proof." Here the petition avers that Beck, at the special instance and request of Ferrara, bought a stall for him in the North Market House, of one Hargens ; stall No. 20, for the sum of five hundred dollars, which he promised to pay to Beck. Now, suppose, instead of proving the number of the stall to be 20, or the name of the person purchased of to be Hargens, or the mar-

ket house to be the North Market, the plaintiff had offered proof of the purchase of a stall for the defendant in some other market house, of some other person, but for the sum of five hundred dollars, and at the special request of the defendant ; here would be a variance in some particulars from the allegation, but not in its entire scope and meaning ; this would be such·a variance as is contemplated in the first and second sections of the same article. But, in this case, the entire allegation is unproved ; there is no proof that a stall in any market house, for any sum, of any person, was ever purchased by Beck for the defendant at his special instance and request ; but the proof is, that Beck sold a stall to the defendant. This case is very similar to the one decided by this court at the last term, *Link* v. *Vaughn*, from Franklin county, and to the opinion therein delivered reference is had.

In regard to amendments, it is thought proper to suggest, that the proper place and time to ask for them is in the court below, during the trial or before final judgment. If counsel will not amend, when amendments are necessary, in order to reach the merits of the case in the lower courts, this court will not incline a propitious ear to such applications, when made here for the first time in the cause.

The judgment of the court below is reversed, and the cause remanded, the other judges concurring.