BENJAMIN E. HARRIS, Respondent, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

*Practice — Pleading — Variance — Judgment.*—A party cannot declare upon one cause of action, and recover judgment upon another and a different cause.

*Appeal from Macon Circuit Court.*

*Carr*, for appellant.

I. This suit is not based upon any statute to recover any penalty; it does not purport to be. It totally fails to show any cause of action under any statute. It is not alleged that appellant is even a corporation of this State. This it is necessary to do, in order to show a cause of action, where none existed at common law. (Welton v. Pacific R.R., 34 Mo. 358; Williams v. Hingham et al., 4 Pick. 341; R. C. 1855, § 53, p. 1239.) The first count is in the nature of the common-law action of trespass *de bonis asportatis*.

II. The second count totally fails to state any causes of action. A party is never presumed to prove more than he alleges ; and if he fails to allege facts sufficient to constitute a cause. of action, and a verdict and judgment are rendered on such defective allegation, such judgment will be reversed in the Supreme Court although there was no demurrer, or motion in arrest of judgment, filed. (R. C. 1855, § 10, p. 1231 ; Lynn v. St. bt. Indiana, 25 Mo. 235 ; 27 Mo. 169 ; 7 Barb. 581.)

*Prewitt,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

Harris filed his petition in the Macon county Circuit Court against the appellant, claiming damages in the sum of two thousand dollars, for the loss of a negro slave named Isaac. The petition contained two counts ; the first stated that the appellant, without leave and wrongfully, took the slave and did not return the same ; the second count alleged that appellant, by failing to use ordinary care and diligence in the management of its railroad cars, caused respondent Harris to lose the said negro slave.

On the trial no evidence was introduced tending in anywise to sustain the allegation in the first count, and it was therefore considered as waived.

It will not be necessary to review all the testimony and examine all the instructions in detail given and refused by the court. The evidence, in substance, showed that the respondent, being in St. Louis, wrote to his wife at Macon to send to him his slave Isaac, and in pursuance of this instruction, Mrs. Harris wrote and delivered to the negro a pass, directed to the conductor of the appellant's road, requesting him to take charge of and pass the said slave to Hannibal, and deliver him to one of the boats of the Keokuk Packet Company, and not allow him (the slave) any liberties. The writing, or pass, was not produced at the trial, and secondary evidence was admitted as to its contents, against the objection of appellant's counsel.

The slave made his escape, but whether before or after he reached Hannibal, does not appear.

The court, at the instance of the respondent, instructed the jury, that, 1. If they believed from the evidence the slave was put in the car of the defendant, with the letter of Mrs. Harris, and that it was shown to the conductor, it was his duty to take charge of him and endeavor to keep him safely; and if he neglected to do so while on the road, and the negro was lost, defendant was bound to pay plaintiff the damages sustained thereby, whether the negro was sent by plaintiff's authority or not.

2. If the jury believe from the evidence that defendant, through its agent, received on its cars the negro " Ike," and he was lost in consequence of the negligence of defendant's agents while acting as such, the plaintiff is entitled to recover.

3. It devolves on the defendant to show that the slave was carried to Hannibal, or that his loss on the road was not occasioned by any want of diligence on the part of the defendant's agents.

To the giving of each of the above instructions the appellant by its counsel objected, and excepted in due form. The jury found a verdict for the respondent, on which judgment was rendered by the court.

The instructions are predicated on the doctrine of a contract, and the responsibilities and duties of a bailee, or common carrier, are applied to the appellant. The allegation in the petition, on which a recovery is sought, is in the nature of a tort, if indeed it sets out any cause of action at all. The mere averment that a party, by failing to use ordinary care and diligence in the management of a railroad, causes plaintiff to lose certain property, is certainly not a sufficient statement of facts, within the meaning of the Practice Act. But had the subsequent proceedings in the suit, and the declarations of law, corresponded with the allegation, the judgment would perhaps be good, as no advantage was taken in the court below by demurrer. The statute permits a party

to amend his petition after his evidence has been given, to make it conform to the proofs; but no such thing was attempted in this case. It then presents the singular spectacle of declaring for one cause of action, and obtaining judgment for another and different cause. It is not simply a question of variance, which will be disregarded when objections are not properly taken, but of the very essence, and goes to the foundation of the action. Such a course of procedure is destructive of all certainty in pleading, and can neither be tolerated nor encouraged.

The judgment will be reversed, and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.