CLEMENTS v. YEATES et al., Appellants.

1. **Non-acceptance of Draft drawn against Consignment of Goods**: NO ACTION LIES BY PAYEE AGAINST DRAWEE. It is well settled that no action lies in favor of the payee against the drawee for non-acceptance of a draft, and the rule is not changed by showing that the draft was given in payment for goods bought of the payee by the drawer, and consigned by the latter to the drawee, and was drawn against this consignment, that the drawee was notified that the draft had been so drawn, and that he afterwards received the goods and sold them for more than enough to pay the draft.

2. **Pleading**: PRACTICE. The plaintiff cannot sue upon one cause of action and recover upon another.

*Appeal from St. Louis Court of Appeals.*

The petition stated that on or about July 1st, 1872, plaintiff sold and delivered to John W. Layne & Co., 94 head of cattle, for which said Layne & Co. executed and delivered to plaintiff the following draft:

" $3,598.40.            " MALTA BEND, July 2nd, 1872.

" Five days after date, pay to the order of Charles Clements $3,598.40, for 94 head of cattle, and charge the same to account of

                                    " JOHN W. LAYNE & Co.

" To Messrs. YEATES, MILLER & Co.,

                " St. Louis, Missouri."

The petition further stated that the cattle so purchased were consigned and delivered by Layne & Co. to defendants, and defendants were duly notified, prior to such delivery, that said cattle had been so consigned and said draft had been so drawn against the same, and that defendants were instructed to accept and pay said draft; that defendants received said cattle and sold and realized upon the same a sum in excess of said draft. Then followed averments of presentment and protest for non-acceptance and non-payment, and that plaintiff was the legal owner and holder of said draft. Defendants answered. At the trial plaintiff gave evidence in support of his petition, at the close of which the circuit court instructed the jury that he could not recover. Thereupon plaintiff took a non-suit with leave, &c. A motion to set aside the non-suit being overruled, an appeal was taken to the court of appeals, where the judgment below was reversed. From the judgment of the court of appeals defendants prosecuted this appeal.

*John R. Warfield* and *O. Guitar* for appellants.

The drawees are not liable. They did not accept the draft. Parsons on Cont., (6 Ed.) 249; Story on Cont., (5 Ed.) 349; *Cowperthwaite v. Sheffield*, 3 Comst. (N. Y.) 243; *N. Y. & Va. Bank v. Gibson*, 5 Duer (N. Y.) 574. Nor was there any agreement in writing to accept it, on the faith of which plaintiff took it for value. 1 Wag. Stat., 214, § 31; Story on Bills, (4 Ed.) 276, 249; Chitty on Bills, (8 Ed.) 311, 313; *Ontario Bank v. Worthington*, 12 Wend. 593; *Luff v. Pope*, 5 Hill (N. Y.) 413, 417; *Goodrich v. Gorden*, 15 Johns. 6; *Lowery v. Steward*, 3 Bosw. 505; *Rousch v. Duff*, 35 Mo. 312; *Valle v. Cerre*, 36 Mo. 590; *Loonie v. Hogan*, 9 N. Y. 435; *Johnson v. Collings*, 1 East 63; *Bank v. Archer*, 11 M. & W. 383.

*C. M. Napton* for respondent.

It is immaterial what kind of action could have been maintained at common law in this case. The code requires a statement of the facts, and it matters not whether the prayer asks judgment for damages for failure to pay the draft, or for money had and received, or for an unlawful conversion of the cattle to defendants'.use. If the petition states facts which entitle plaintiff to a judgment, the requirements of the case are complied with. Wag. Stat., p. 215, § 5 ; Ib., p. 1013, § 3. Plaintiff has a good cause of action. *Cowperthwaite v. Sheffield,* 3 Comst. 252 ; *De Wolf v. Gardner,* 12 Cush. 23 ; *Mich. State Bank v. Gardner,* 15 Gray 374 ; *Davenport Nat. Bank v. Homeyer,* 45 Mo. 145 ; *Hall v. Marston,* 17 Mass. 578 ; *Coster v. Albany,* 43 N. Y. 411 ; *Secor v. Lord,* 3 Keyes (N. Y.) 525 ; *Schuster v. Kansas City R. R. Co.,* 60 Mo. 290 ; *Parmlee v. Catherwood,* 36 Mo. 479 ; *Erwin v. Arthur,* 61 Mo. 386 ; *Exchange Bank v. Rice,* 107 Mass. 39. Defendants had no right to appropriate the money obtained for the cattle otherwise than as directed by Layne. *Hall v. Marston,* 17 Mass. 578.

SHERWOOD, C. J.—I. The law is well settled that no action lies in favor of the payee of a draft against the drawee because of the non-acceptance of the latter. As is said in *Kimball v. Donald,* 20 Mo. 581 : " When acceptance is refused, the object the parties had in view being defeated, the only obligation upon the bill is against the drawer, who is remitted to his original rights in respect to the fund in the hands of his supposed debtor, and liable to pay according to his original undertaking." For this reason the petition stated no facts sufficient to constitute a cause of action.

II. There can be no question that the action in the present instance is brought upon the draft, and upon nothing else. This being true, a recovery must be had upon the instrument sued on, or not at all. Repeated adjudications of this court, if authority were really needed for so plain a proposition, have established that you cannot sue

upon one cause of action and recover upon another. *Ensworth v. Barton*, 60 Mo. 511; *Eyerman v. Mt. Sinai Cemetery Association*, 61 Mo. 489; *Huston v. Forsythe Scale Works*, 56 Mo. 416; *Robinson v. Rice*, 20 Mo. 229; *Harrison v. R. R. Co.*, 37 Mo. 307; *Beck v. Ferrara*, 19 Mo. 30; *Link v. Vaughn*, 17 Mo. 585; *Duncan v. Fisher*, 18 Mo. 403. And we do not regard our code with all its liberal provisions as possessing sufficient comprehensive elasticity to enable this to be done. We, therefore, affirm the action of the trial court, and reverse that of the court of appeals. All concur.

REVERSED.