B. F. PHILLIPS, Respondent, v. A. MASTBROOK,
Appellant.

St. Louis Court of Appeals, January 4, 1887.

24  129!
34  612;
24  129
42  501
24  124
127 m 525

1. VENDOR AND VENDEE—CONVERSION—FAILURE OF PROOF.—In a
suit on a contract for the agreed price of goods sold and delivered,
proof that the defendant was guilty of a wrongful interference
with the goods, amounting to a conversion of them, will not sup-
port a verdict for the plaintiff.

2. AMENDMENTS—ON APPEAL FROM A JUSTICE.—A statement before a
justice, of a cause of action for goods sold, can not be amended, on
appeal, by filing a statement of liability for conversion.

APPEAL from the St. Louis Circuit Court, SHEPARD
BARCLAY, Judge.

*Reversed.*

CREWS & BOOTH, for the appellant: The proof
tends to establish a different cause of action from that
sued on. *Link v. Vaughan*, 17 Mo. 585 ; *Barnum v.
Stone*, 13 Am. L. R. 389. There was no contract for the
sale and purchase of the whiskey, either express or im-
plied. *Allen's Adm'r v. Richmond College*, 41 Mo.
301 ; *Eads v. City of Carondelet*, 42 Mo. 113 ; 1 Pars. on
Cont., 475 ; 1 Story on Cont., sect. 378.

O. B. GIVENS, for the respondent: One who re-
ceives goods sent to him, knowing that the sender
claims that the receiver has purchased them of him,.
can not, in the absence of mistake or fraud, appropriate
them to his own use, and then disclaim the purchase.
*Wellaur v. Fellows*, 48 Wis. 105 ; *Hale v. Van Dever*,
67 Mo. 732 ; *Coughlin v. Lyons*, 24 Mo. 533 ; *Button v.
Railroad*, 51 Mo. 153 ; *Norton v. Railroad*, 48 Mo. 387 ;
*Iba v. Railroad*, 45 Mo. 469.

VOL. xxiv—9

ROMBAUER, J., delivered the opinion of the court.

This is an action brought before a justice of the peace on the following account:

"January 23, 1883.

"A. Mastbrook bought of B. F. Phillips:

1 barrel gilt edge whiskey 37.87-100 P.

| | |
|---|---|
| gal. at $2.75.... .................,.....$104.14 | |
| Drayage.................................. | .50 |
| Interest to April 1, 1884................ | 7.44 |

$112.08"

On trial of the cause in the circuit court, there was judgment for the plaintiff for $122.85, composed, according to the verdict of the jury, of $104.64 principal, and $18.21 interest at the rate of six per cent. per annum from April 23, 1883.

The defendant appealing assigns for error that the verdict and judgment are not supported by substantial testimony, and that the court erred in its rulings upon the admission of evidence, and in its instructions to the jury.

The plaintiff's testimony tended to show that he was, at the date of the transaction, a wholesale liquor dealer in Louisville, Kentucky, and that the defendant was a druggist in St. Louis. That one Webster was the plaintiff's agent, for the purpose of taking orders for goods, and transmitting the same to the plaintiff, who would fill them if satisfactory. That Webster had no power to receive or deliver goods, or to collect their proceeds. That, in January, 1883, Webster sent an order to the plaintiff to ship the whiskey in question to the defendant, and that the plaintiff thereupon did ship it, writing at the same time to the defendant as follows:

"LOUISVILLE, KY., January 23, 1883

"Mr. A. Mastbrook, St. Louis, Mo.

"DEAR SIR:— Enclosed find invoice and bill lading for goods shipped this day per your esteemed order

through Mr. R. P. Webster, which I wish safe to hand and to your entire approval. I enclose your acceptance at 90 days in settlement of the bill, which please sign and return to me by mail. Awaiting your further commands, etc.

"B. F. PHILLIPS."

The defendant at once returned the enclosures to the plaintiff in the following letter:

"Mr. Phillips:

"Received a bill and something like a note to sign and I don't know for what. I have not ordered a barrel of whiskey, I am sure. Have plenty of whiskey to last me three months. I, therefore, return all bills, etc. When I want whiskey will order with pleasure if whiskey will suit.

"Respectfully,
"ALEX. MASTBROOK."

This letter was received by the plaintiff January 25, and he thereupon wrote and sent by return mail the following letter to the defendant:

"LOUISVILLE, KY., January 26, 1883.
"Mr. A. Mastbrook, St. Louis, Mo.

"DEAR SIR:— Your favor to hand and noted. I am sorry the whiskey was shipped you without your order to Mr. Webster, and all I can say, please return the barrel of whiskey to me. I am,

"Yours truly,
"B. F. PHILLIPS."

There was no direct evidence that this letter was received by the defendant, but as it is shown that it was mailed on the 26th, and as the previous testimony shows it ought to have reached the defendant in the usual course of mail before January 29, the jury were warranted to infer that it did so reach him.

The whiskey arrived in St. Louis, January 29, consigned to the defendant, who received it, paid the freight thereon, and within a few hours thereafter turned it

over on Webster's order to one Grabinsky, notifying the plaintiff of that fact. The testimony further tended to show that the plaintiff refused to recognize Grabinsky as his vendee and so notified the defendant. There was no evidence tending to show that the defendant ever gave, either to Webster, or to the plaintiff, an order for the goods, unless such inference can properly be drawn from the facts above stated. Nor was there any evidence of the value of the goods.

This was, in substance, all of the plaintiff's testimony bearing on the question of the sale. The defendant thereupon demurred to the evidence, and his demurrer was overruled by the court.

The question raised is, do all the facts thus shown constitute evidence of a contract of sale by the plaintiff to the defendant, or of any cause of action maintainable on contract. We are of opinion that they do not, and that the defendant's demurrer to the evidence should have been sustained. *Clements v. Yeates* (3 Mo. App. 581), which is the only case cited by the plaintiffs in support of the judgment, was reversed by the supreme court on appeal from this court. (69 Mo. 625). A previous request, or a subsequent promise, or facts from which such promise can be implied, are essential to constitute a contract of sale.

True it is that the evidence tends to show that the defendant was guilty of a conversion of the plaintiff's goods, by turning them over to Webster, or Grabinsky, without the plaintiff's order, but that fact of itself will not warrant the recovery of substantial damages in this action, under the statement and testimony. A contract of sale is essentially different from a contract of bailment. The facts found by the jury would have been sufficient to estop the defendant, if the charge were an improper intermeddling with the plaintiff's goods, or their conversion resulting from his negligence, but we are referred to no case, nor has our research enabled us to find one, which goes to the extent, that such acts

work an estoppel, which prevent a party from disputing his liability, as upon a sale, for goods which he had never bought, upon terms which he had never agreed to.

It has been held as early as *Link v. Vaughn* (17 Mo. 585), that upon a suit on account for goods sold and delivered, there can be no recovery if the proof shows a conversion. That case has since been repeatedly reaffirmed. *Boone v. Stover*, 66 Mo. 436 ; *Clements v. Yeates*, 69 Mo. 625. In such cases the testimony does not show a variance, but an entire failure of proof. Nor can there be any difference in that regard between statements filed before a justice of the peace, and petitions filed in a court of record, because if such statement unmistakably shows one cause of action, there can be no recovery upon another and wholly different cause of action.

We have not overlooked the proposition, that in many cases a party may waive the tort and sue in *assumpsit* for money had and received. These, however, are cases where the defendant has either wrongfully obtained the plaintiff's money, or wrongfully obtained the plaintiff's property and converted it into money, and where the plaintiff elects to treat the money thus wrongfully received as received to his use. 1 Hilliard on Torts, section 35 and following ; *Sandeen v. Railroad*, 79 Mo. 278, 281, 282.

There being no evidence tending to show the value of the goods at the date of their conversion, and no evidence of any value received by the defendant, there could have been no recovery for substantial damages, even if this were a case in which the plaintiff could waive the tort, and sue as upon an implied contract. We are clear, however, that this is not a case where such can be done. The plaintiff's remedy is an action for the conversion of his goods, and, as under the ruling in *Clark v. Smith* (39 Mo. 498), he can not make this change of his action by amendment in the circuit court, we will not remand the cause, but simply reverse the judgment,

leaving the plaintiff at liberty, if he should so elect, to bring another action on a theory warranted by the facts. The judgment is reversed. All the judges concur.