MONROE ROBBINS, Respondent, v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 5, 1889.

1. **Evidence**: SALE AND DELIVERY. In an action for railroad ties sold and delivered to the defendant, if there is no evidence, whatever, of any sale or delivery, or that the defendant ever received or used any of the ties referred to, but it appears that the same were removed by an independent contractor, a judgment for the plaintiff must be reversed.

2. **Sale**: CONVERSION. In an action for goods sold and delivered, there can be no recovery as upon a conversion, even if the evidence be sufficient to prove a conversion.

*Appeal from the Bollinger Circuit Court.*—HON. JAMES D. FOX, Judge.

REVERSED AND REMANDED.

*Henry G. Herbel*, for the appellant.

The verdict is unsupported by the evidence and is contrary to the law as declared by the court. *Minor v. Coal Co.*, 25 Mo. App. 78; *Spurlock v. Railroad*, 93 Mo. 544. The evidence shows that plaintiff acquired

his title to these ties while they were on defendant's right of way and after they had been culled or rejected, and had become mottled with the numerous rejecting brands of the various inspectors of the tie contractors and railroad companies. There is nothing in plaintiff's evidence tending to show that defendant ever took or received a single tie involved in this controversy. On the contrary, it appears from his evidence that he was notified by defendant's section-foreman to remove them, which he refused to do, and that they were actually removed by Cowan, the tie contractor, for whose acts defendant was in no wise responsible. *Spurlock v. Railroad*, 93 Mo. 544.

*Moses Whybark*, for the respondent.

Plaintiff, in his testimony, states: "The two piles of ties spoken of were marked with three R's, which indicate that they are railroad ties." Richard Patton, a witness for plaintiff, stated: "When culled ties were received by the inspector they were marked with three R's." David Beal, a witness for plaintiff, stated: "Ties received were usually marked with three R's." Mr. Williams, the section-foreman, testified on behalf of defendant: "The three R's on ties was his own private mark. I put this mark on some of the ties spoken of." Peter Walker, on behalf of plaintiff, stated: "That he had a conversation with Mr. Williams in regard to that pile. Mr. Williams said, if I mistake not, that these ties had been received before that time." When the ties were marked with three R's they were received, and the transfer of ownership was complete. Plaintiff's right of action at once arose, and it makes no difference that a portion of them was hauled away by a train after the suit was brought. *Donell v. Taylor*, 2 Mo. App. 329.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action to recover $9.80, the alleged value of ninety-eight railroad ties claimed to be sold and delivered by the plaintiff to defendant. The plaintiff had judgment for the amount before the justice, and on the retrial of the cause in the circuit court. The errors assigned on this appeal are that the court erred in its instructions to the jury, and that the verdict is unsupported by the evidence, and against the instructions of the court.

We pass the first error assigned with the remark, that the instructions of the court were correct enough, provided there was any substantial evidence to support them. Nor is this seriously questioned by appellant. The only real complaint is that there is no substantial evidence in support of the verdict and judgment rendered, and hence no evidence to support the instruction.

An examination of the record, which purports to set out the entire evidence, discloses the following facts : The ties in questson were culled or rejected ties, and were lying in two piles on the defendant's right of way, when the plaintiff bought them. There was no evidence, whatever, that the plaintiff himself, had either sold or delivered these ties to the defendant. There was some evidence offered by plaintiff that the title in culled ties which fail to pass inspection, remains in the party furnishing them, but that the railroad company subsequently receives some of these ties when it has need for them, at the price of ten cents a piece. There was also some evidence that ties received are marked with three R's, and that some of these ties were thus marked, but who had so marked them did not appear. There was no evidence, whatever, that any of these ties were ever received by the defendant or used

on its road.   The plaintiff admitted that he had been notified, by the defendant's foreman, to take the ties away from the right of way, and refused to do so, saying that he did not claim them, and that he was thereupon told that if he would not move them they would be moved at his cost.   The ties were subsequently removed by the tie train in charge of one Cowan, who is spoken of as tie contractor, but who is nowhere shown to be an employe of the defendant, and who, for all that appears by the evidence, was an independent contractor, furnishing ties to the company.   It nowhere appears that Cowan ever turn ed over these ties or any part of them to the company.

We see nothing in the evidence on which the jury could base a verdict on the theory of a sale.   As this is a suit for goods sold and delivered, there could have been no recovery as upon a conversion, even if the evidence would have been sufficient to prove a conversion by defendant.   *Phillips v. Mastbrook*, 24 Mo. App. 133; *Clements v. Yates*, 69 Mo. 625, 626, and cas. cit.

While we are loth to disturb a judgment for so small an amount, our duty in the premises is clear. The supreme court and this court have repeatedly declared that a judgment unsupported by substantial evidence will not be permitted to stand.   Under the facts disclosed, the inference is that Cowan, who took the ties, was an independent contractor.   *Spurlock v. Ry. Co.*, 93 Mo. 544.   And there is no evidence, whatever, that the defendant ever bought the same.

Reversed and remanded.   All the judges concur.