W. H. EDWARDS *et al.*, Appellants, v. A. ALBRECHT, Respondent.

St. Louis Court of Appeals, December 9, 1890.

42 497
54 340
42 497
59 536

1. **Practice, Trial:** WAIVER OF EXCEPTIONS. If, in an action appealed from a justice of the peace, the circuit court first affirms the judgment of the justice for failure of the appellant to give notice of the appeal, and afterwards sets aside its order of affirmance, the appellee waives his exception to the latter ruling, if he subsequently goes to trial; to preserve such exception, he must stand upon it, and refuse to proceed further.

2. ———: PLEADING A CONTRACT RIGHT AND RECOVERY FOR A TORT. A party cannot sue in contract, and recover in tort; and this rule ·is applicable to suits instituted' before a justice of the peace; nor will such procedure be permitted under the common-law fiction of the right of the person injured to waive the tort. ( *Gordon v. Bruner*, 49 Mo. 570, *held* to have been overruled by *Sandeen v. Railroad*, 79 Mo. 278.)

VOL. 42—32

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

*George R. Lockwood* and *P. Wm. Provenchere,* for
appellants.

(1) The plaintiffs were entitled to an affirmance of
the judgment. R. S. 1889, secs. 6342, 6344; *Cooksey v.
Railroad,* 17 Mo. App. 138, and cases cited. The man-
ner of the service of the notice prescribed by the statute
is exclusive. *Fuller v. McCluer,* 25 Mo. App. 418.
(2) The statement filed with the justice was sufficient.
*Allen v. McMonagle,* 77 Mo. 478. (3) Plaintiff may
waive tort, conversion, and maintain action for goods
sold and delivered, though property still in possession
of defendant. *Floyd v. Wiley,* 1 Mo. 430; *Johnson v.
Strader,* 3 Mo. 355; *Gordon v. Bruner,* 49 Mo. 570;
Bliss on Code Pleading, sec. 13, note 4; Pomeroy on
Rem. & Rem. Rights, secs. 110, 568, 569, 571, notes and
cases cited; *Hill v. Davis,* 3 N. H. 384; *Alsbrook v.
Hathaway,* 3 Sneed, 454; *Hawk v. Thorn,* 54 Barb. 164.

*Frank E. Richey,* for respondent.

(1) This suit is based on an itemized account for
goods sold and delivered, and the testimony shows an
entirely different cause of action, and under our statute
a plaintiff can only recover on the cause of action alleged
in his petition. *Link v. Vaughn,* 17 Mo. 585; *Boone v.
Stover,* 66 Mo. 436; *Clements v. Yeates,* 69 Mo. 625;
*Phillips v. Mastbrook,* 24 Mo. App. 129; *Robbins v.
Railroad,* 34 Mo. App. 609; *Carson v. Cummings,* 69
Mo. 325; *Sandeen v. Railroad,* 79 Mo. 278; *Jones v.
Loomis,* 19 Mo. App. 234. (2) This case does not
belong to that class wherein a party may waive the tort
and sue in *assumpsit* for money had and received. That

class "includes cases wherein the defendant has either wrongfully obtained the plaintiff's money, or the plaintiff's property, and converted it into money, and where the plaintiff elects to treat the money thus wrongfully secured to his use." *Phillips v. Mastbrook*, 24 Mo. App. 129, citing 1 Hilliard on Torts, sec. 35 and following, and *Sandeen v. Railroad*, 79 Mo. 278, 281, 282.

THOMPSON, J.—This action was commenced before a justice of the peace on an account for certain goods sold and delivered. The plaintiffs had a judgment before the justice, and the defendant appealed to the circuit court. In the latter court, the judgment of the justice was affirmed on motion of the plaintiffs for the failure of the defendant to give notice of the appeal, as required by the statute. Thereafter, on motion of the defendant, supported by an affidavit, the judgment of affirmance was set aside and the cause reinstated. To this ruling the plaintiffs took a bill of exceptions. Thereafter the cause came on for trial before the judge sitting as a jury, and, at the close of the plaintiffs' evidence, the court gave a declaration of law to the effect that, under the law and the evidence, the plaintiffs could not recover. Thereupon the plaintiffs took a nonsuit with leave, and, the court having refused to set the same aside, the plaintiffs appealed, and assign for error, *first*, the action of the trial court in reinstating the cause after the judgment of the justice had been affirmed, and, *second*, the giving of this declaration of law.

I. As to the first ruling, we must hold that the plaintiffs' exceptions are waived by their voluntary act in proceeding with the trial. In order to save them for review in this court, they should have refused to proceed any further in the cause, should have suffered a final judgment without taking any further steps in the cause, and should then have prosecuted their appeal. Our rules of procedure do not allow them to take a bill of exceptions to that ruling, and then

proceed with the trial of the cause, accumulate further costs, and then, if they are unsuccessful in the trial, fall back on the previous supposed error. This is the established rule in the case where a bill of exceptions is taken to an order granting a new trial ( *Gilstrap v. Felts*, 50 Mo. 428; *Blanchard v. Wolff*, 6 Mo. App. 200 ); or to any order setting aside a final judgment rendered by a court at a previous term ( *State ex rel. v. Burns*, 66 Mo. 227 ) ; or to a refusal of the court, to which a change of venue has been granted, to dismiss the cause on the ground that the papers had not been transmitted from the original court within the time required by the statute ( *Henderson v. Henderson*, 55 Mo. 534, 545 ) ; or to an order changing the venue, where the venue has been previously changed to a different court and the papers improperly sent back. *Taylor v. Railroad*, 68 Mo. 397. The giving of notice in the case of an appeal from a justice of the peace is a matter which relates to the *prosecution* of the appeal, and not to the *jurisdiction* of the justice to grant the appeal. The want of it may be waived by a voluntary appearance for general purposes. *In re Joseph Uhrig Brewing Co.*, 11 Mo. App. 387 ; *Page v. Railroad*, 61 Mo. 78. For equal reasons, an exception to the ruling of the circuit court in setting aside an affirmance for want of such a notice, and in reinstating the cause, may be waived by analogy to the decisions first above cited.

II. As to the second assignment of error, the evidence showed conclusively that the defendant ordered from the plaintiffs, through their traveling salesman, certain goods ; that the plaintiffs shipped him *different goods ;* that the defendant refused to accept them, because they were not the goods they had ordered, and notified the plaintiffs to take them away, which they agreed to do, but left them in his store some three months, and refused finally to take them, because he made an exorbitant charge for storing them during the time they had been in his custody ; and that they

thereupon brought this action, not for a conversion of their goods, but for goods sold and delivered.

The rule in this state, applied alike in actions commenced before a justice of the peace and in those commenced in the circuit court, is that a party cannot sue in contract and recover in tort ( *Clements v. Yeates,* 69 Mo. 623 ; *Boone v. Stover,* 66 Mo. 430, 436 ) ; and, consequently, that he cannot sue for goods sold and delivered and recover for a conversion, although the evidence is sufficient to prove a conversion. *Robbins v. Railroad,* 34 Mo. App. 609 ; *Phillips v. Mastbrook,* 24 Mo. App. 133 ; *Link v. Vaughn,* 17 Mo. 585. As there was no evidence in this case to prove that the goods in controversy were ever bought by the defendant from the plaintiff, we must affirm the judgment.

But it is said that it is the law in this state, "that one, who has converted to his own use the personal property of another, when sued for the value of that property as sold to him, will not be permitted to say in defense that he obtained it wrongfully ;" in other words, that it is the law in this state, as at common law, that a person, whose goods or chattels are tortiously withheld from him, may waive the tort, and sue in contract for their value. It is true that it was so held in *Gordon v. Bruner,* 49 Mo. 570. But it is to be observed, *first,* that, if this is the law in this state, our code, which abolishes fictions in pleading, and which requires the pleader to state his real cause of action or defense, is to that extent nugatory. *Secondly,* that this rule is a distinct denial of the rule previously stated, that a party cannot sue on one cause of action and recover on another, and is hence contrary to the subsequent decisions of the supreme court ( above cited ), which declare that rule. For, necessarily, the pleader who, under this supposed rule, elects to waive the tort and sue on a fictitious contract, must recover, if at all, by proving the facts as they really exist ; and he then puts himself in the position of pleading a contract and proving a

tort, which the decisions previously quoted say cannot be done. Moreover, the decision in *Gordon v. Bruner*, *supra*, is necessarily overruled by *Sandeen v. Railroad*, 79 Mo. 278, where the question received a very full and satisfactory discussion by Mr. Commissioner MARTIN, resulting in the conclusion that a party, whose goods are unlawfully taken from him, cannot waive the tort and sue in contract so as to give jurisdiction to a justice of the peace. We conclude, then, that the two propositions, that a party cannot sue upon a contract and recover by giving evidence of a tort, and that he may waive the tort and sue upon a contract, are contradictory propositions ; that the former, and not the latter, rule is in accordance with the spirit of our code of procedure, and must stand as the rule declared by the latest decisions of the supreme court and of this court.

There is nothing in the case of *Allen v. McMonagle*, 77 Mo. 478, that is opposed to this view, although that case may, on its facts, be opposed to the later decision in the case of *Sandeen v. Railroad, supra*. There, it was held that the following statement of a cause of action filed in a justice's court : John McMonagle, *Dr.*, to S. W. Allen, to nine head of sheep, twenty-five dollars," was a sufficient statement to support an action for the conversion of the sheep. But that is merely one of the numerous decisions in this state, which, on grounds of public policy, have supported indefiniteness of statement in actions commenced before justices of the peace. Here the pleader chooses his ground, and alleges a sale by making use of the word "bought," and sets forth the items, the price and the terms of the alleged sale, and then gives no evidence to show that there was a sale.

The rule which we are called upon to apply may not be conducive to justice in this particular case ; but it is necessary that the rules of procedure should be uniform, and that they should be adhered to. We must, therefore, affirm the judgment. It is so ordered. All the judges concur.