JAMES C. McGREW, Respondent, v. MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Railroads:** STATUTORY CONSTRUCTION: REVISION: PEN-
   ALTY. The carrying forward of two existing laws into a revision
   is but a continuation of such laws and not new enactments thereof;
   and damages for the violation of one of such laws can not be as-
   sessed for a violation of the other. Following Paddock v. Railway,
   155 Mo. 524.

2. ———: ———: ACTION: RECOVERY: PRAYER. Sections 2636
   and 2637, of the revision of 1889, are brought forward from the Acts
   of 1887, and prescribe treble damages for their violation, but such
   penalty is not the cause of action. The cause of action is the wrong
   done in the violation of the statute, and the prayer for a different
   recovery can not affect the cause of action.

3. **Trial Practice:** PLEADING: PETITION: JUDGMENT: PRAYER.
   Where the statute which furnishes the cause of action authorizes a
   certain kind of judgment, the court is warranted in rendering such
   judgment although the prayer to the petition may not include such
   relief.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,*
Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

(1) These acts were separate and independent acts when
passed by the Legislature, and still remain so, though collated
under chapter 42, article 2, Revised Statutes 1889 (chapter
12, article 2, Revised Statutes 1899). A suit can not be

maintained for the penalty or damages provided by one act, for a violation of the provisions of the other act, and vice versa. See authorities to point 2. (2) Each of these acts, namely: Section 4, Acts Extra Session 1887, and section 4, page 70, Acts of 1872, provided a separate penalty for violation of its provisions. These acts were separate and independent acts when passed by the Legislature, and still remain so though collated under chapter 42, article 2, Revised Statutes 1889 (chapter 12, article 2, Revised Statutes 1899). Paddock v. Railroad, 56 S. W. Rep. 453, and authorities therein cited. (3) The court below committed error in disregarding the prayer of the petition, which was for a fixed penalty, and allowing plaintiff to recover treble damages, which were neither alleged in the petition, nor asked in the prayer of the petition. This case does not belong to that class of cases, where facts are stated which entitle the plaintiff to certain relief, but the wrong relief is prayed. This is distinctively an action to recover a penalty. No damages are stated or prayed. Such legal legerdemain was attempted in Clements v. Yeates, 69 Mo. 623, but it was abortive. So, here, it is apparent upon the face of the petition that this action was brought to recover a penalty, and a recovery must be had for such penalty and for nothing else. See also cases cited in Clements v. Yeates, supra; Robbins v. Railroad, 34 Mo. App. 609; Stix v. Matthews, 75 Mo. 96; Eyerman v. Cemetery Ass'n, 61 Mo. 489; Huston v. Scale Works, 56 Mo. 416; Harris v. Railroad, 37 Mo. 307 on 309 and 310; Edelen v. Strong, 34 Mo. App. 287 on 294; Holliday v. Jackson, 21 Mo. App. 660; Rush v. Brown, 101 Mo. 586; O'Brien v. Loomis, 43 Mo. App. 29.

*Alexander Graves* for respondent.

(1) "Plaintiffs pray for relief which the court can not

grant, but the court is not confined to the prayer in granting relief. It may look to the whole petition and if the facts alleged authorize the granting of any relief, a demurrer will not lie." Crosby v. Bank, 107 Mo. 442. "And the prayer for general relief  *  *  *  authorized the court to give any relief consistent with the case made  *  *  *  Siemers v. Kleeburg, 56 Mo. 201; Pomeroy v. Benton, 57 Mo. 531. These views compel a reversal of the judgment." Snider v. Coleman, 72 Mo. 570; Saline County v. Sappington, 64 Mo. 72; Kerr v. Simmons, 82 Mo. 275.

ELLISON, J.—The plaintiff instituted an action against defendant, involving five separate causes of action and set forth in five counts. A demurrer was sustained as to the first count and overruled as to the remaining four. Defendant did not answer and the court, after hearing evidence, made a finding for plaintiff on each of the four counts and then trebled each amount, and rendered judgment for such treble sums.

The second and fifth counts are based on section 2636, Revised Statutes 1889, whereby it is declared to be unlawful for a common carrier to give one person any undue or unreasenable advantage or preference; or subject any person to an unreasonable prejudice or disadvantage. The charge (which is in proper form) is that defendant gave to a certain shipper an advantage over him in the shipment of coal in the way of better rates.

The third and fourth counts are based on section 2637, Revised Statutes 1889, whereby it is declared to be unlawful for a common carrier to charge, for the same kind of property, a greater sum for a short distance than is charged for a longer distance. The charge in these last counts is that defendant violated said statute in shipments made by plaintiff wherein he was charged a greater sum for a shipment than was another

shipper for a shipment to a greater distance than plaintiff's shipment.    In each of the four counts plaintiff asked judgment for one thousand dollars as provided for by section 2663, Revised Stautes 1889, the prayer to each being as follows: "Wherefore, plaintiff avers that he is aggrieved in the premises and that a cause of action hath accrued to plaintiff to demand and sue for the sum of one thousand dollars and costs of suit for such offense; for which sum of one thousand dollars and costs of suit plaintiff prays judgment according to the statute in such cases made and provided and for all other and general relief to which plaintiff may be entitled."

It appears from the demurrer that section 2636, Revised Statutes 1889, upon which the second and fifth counts are based as aforesaid, is transcribed and brought forward into the revision of 1889 from section 3, Extra Session Acts 1887, page 16, which latter act (section 10) provided as a penalty for violation of its provisions, treble damages sustained and an attorney's fee.    That section is section 2643, Revised Statutes 1889.    It further appears that section 2663, Revised Statutes 1889, prescribing the penalty of $1000 for which plaintiff has sued, was brought forward into the revision of 1879 from section 4, page 70 of the Acts of 1872, and was then re-incorporated in the revision of 1889, and that it prescribed a penalty for a violation of the latter act.    It further appears that section 2637, Revised Statutes 1889, upon which the third and fourth counts are based as aforesaid, is a copy of section 4 of said Extra Session Acts of 1887, page 17, and that it has been brought forward into the revision of 1889; and that said section 10, of said act prescribes the penalty for its violation. In other words, sections 2636 and 2637, Revised Statutes 1889, upon which plaintiff's causes of action are based, have been literally transcribed and brought forward into the revision of 1889 from the Extra Session Acts of 1887, which prescribes

its own penalty of treble damages for its violation. And the penalty for which plaintiff sues and seeks to apply to a violation of the Act of 1887, put in the revision of 1889, is a penalty prescribed for a violation of the said Act of 1872.

Placing itself on this ground, defendant cites the recent decision of the Supreme Court in the case of Paddock v. Railroad, 155 Mo. 524, where it is held that where two existing laws are carried forward into a revision it is a continuation of such laws and not new enactments, "and hence" that the damages or penalty allowed for a violation of one of such laws could not be assessed for a violation of the other. Plaintiff and the trial court seems to have conceded that the Paddock case applied to this case and that, therefore, the penalty of $1,000 prescribed by section 2663, aforesaid, could not be recovered on the grievances set forth in the counts of his petition. Plaintiff, therefore, asked and obtained a judgment for treble damages which is prescribed by said section 10 of the Act of 1887, as the penalty for a violation of the sections upon which plaintiff placed his actions. This was done without amending the petition.

The question is, can he do this? Defendant contends that in so doing plaintiff has been allowed to sue on one cause of action and recover on another. This can not be done. Bliss Code Pleading, sec. 429; Harris v. Railroad, 37 Mo. 307; Clements v. Yeates, 69 Mo. 623; Beck v. Ferrara, 19 Mo. 30; Duncan v. Fisher, 18 Mo. 403; Link v. Vaughn, 17 Mo. 585; Robbins v. Railroad, 34 Mo. App. 609. But can it be said that the judgment rendered is on different causes of action from those sued upon? We think it can not. The causes of action sued upon consisted of a violation of sections 2636 and 2637, aforesaid, which were brought into the revision from the Acts of 1887; and plaintiff has taken judgment for the proper penalty prescribed for such violation. The only way defendant

can make out that plaintiff has sued on one cause of action and recovered on another is by the statement that the penalty asked in the prayer of the petition is the cause of action and that, therefore, since plaintiff asked one penalty under one statute, and recovered another penalty under a different statute, his judgment is on a cause of action not sued upon. But the penalty is not the cause of action. The penalty is a result from the cause of action. The cause of action is the wrong done for which the penalty is a punishment as well as recompense for the injured party's loss; in this case consisting in unfair charges for freight, etc., forbidden in the statutes aforesaid. "As the action is a judicial proceeding for the redress or prevention of a wrong, the cause of action must necessarily be the wrong which is committed or threatened, and the object of a specific action is such redress or prevention by means of the relief which is sought." Bliss Code Pleading, secs. 2, 113, 114; Phillips Code Pleading, sec. 30. The cause of action must be distinguished from the relief sought. The prayer is not a part of it. Maxwell Code Pleading, 97; Phillips' Code Pleading, sec. 218.

This disposes of the substance of the case, but there is left a matter of form: That is, can plaintiff recover a judgment, which, while proper under his petition, is yet not included in the prayer of such petition? Plaintiff insists that the prayer, hereinbefore set out, is sufficiently comprehensive to authorize the judgment. Whether it is or not, the statute is full warrant for the court in rendering the judgment for the penalty prescribed for the wrongs mentioned in sections 2636 and 2637. It has been already shown that the case made by plaintiff's petition, under the statute just mentioned, called for the penalty for which judgment was rendered. The case made by plaintiff, and embraced within the issues, justified the penalty for which judgment was rendered, notwithstanding the prayer was for

judgment for a different penalty. R. S. 1889, sec. 2216; R. S. 1899, sec. 776; Northcraft v. Martin, 28 Mo. 469; State to use v. Adler, 97 Mo. 413; Hicks v. Jackson, 85 Mo. 283. The particular relief asked may be disregarded: Sharkey v. McDermott, 91 Mo. 647. The judgment is affirmed. *Smith, P. J.*, concurs; *Broaddus, J.*, not sitting.