## In re LANSAW.

(District Court, D. Missouri, S. W. D. October 30, 1902.)

### No. 5.

1. BANKRUPTCY—PROOF OF CLAIM—VARIANCE FROM STATEMENT.

The general rule of law that a party can only recover on the cause of action alleged in his pleading applies to claims presented against a bankrupt's estate, and a claimant who has filed a statement of his claim under oath, as required by the bankruptcy act, cannot sustain it by evidence of an indebtedness arising in a different manner from that stated.

2. SAME—PROVABLE DEBT—MONEY PAID IN PURSUANCE OF SCHEME TO DEFRAUD CREDITORS.

Money paid to an insolvent in a purchase of his property under circumstances showing a scheme to hinder and defraud his creditors cannot be made the basis of a claim against his estate in bankruptcy after the property has been taken possession of and sold by his trustee under order of the court.

In Bankruptcy. On review of referee's decision.

John S. Farrington, for trustee.
Grayston & Taylor, for claimant.

PHILIPS, District Judge. The claimant, William Lansaw, has filed a motion herein to set aside the order of the court heretofore made affirming the action of the referee respecting the claim of said William Lansaw, presented for allowance against the bankrupt estate. The court withdraws its former opinion filed herein, and proceeds to the consideration of the case on its whole merits. The ground of the motion for rehearing is based upon the principal contention that the referee erred in rejecting the $700 claim on the assumption that it was based upon a gift made by the claimant's mother of a debt of $800 in her favor against the bankrupt. The contention now made is that this sum of $700 is based upon a compromise agreement between the claimant and the bankrupt, supported by the consideration that the claimant threatened to sue his brother, John Lansaw, for $800, claimed to have been given him by his mother, and that to avoid litigation John promised to pay in full satisfaction the sum of $700. The court has re-examined the groundwork of the claimant's claim presented against the estate, and finds that the claim presented and sworn to by him to the referee for allowance alleges that the said John Lansaw "is justly and truly indebted to said deponent in the sum of $1,660; that the consideration of said debt is as follows: that he, the said William Lansaw, advanced $1,200 of said money to said bankrupt from time to time to go into his business as a general merchant in the town of Erie, in McDonald county, state of Missouri; that at the time said sum of

$1,200 was advanced by him, the said claimant, the said John Lansaw was not indebted to any one, and said sum of $1,200 paid for the stock of goods at Erie, in the county of McDonald and state of Missouri; that the said sum of $1,200 antedates any other debt against the said John Lansaw, bankrupt; that on the 8th day of January, 1902, the said bankrupt, John Lansaw, sold, transferred, and delivered to him, the said William Lansaw, the stock of goods at Erie, in McDonald county, state of Missouri, for and in consideration of $1,660; that at the date he (William Lansaw) purchased the stock of goods as aforesaid he paid the said John Lansaw, bankrupt, the sum of $460 in cash; that by order of the referee in bankruptcy of said estate the trustee of said estate took charge of said stock of goods and sold the same; that no part of the said debt of $1,660 has been paid," etc. From this sworn statement of his claim the cause of action is predicated of $1,200 in money, advanced by him from time to time to said bankrupt, which went into his business as a general merchant; and that in payment for this indebtedness so contracted the bankrupt turned over to him his stock of goods, amounting to $1,660, and the claimant paid the bankrupt the difference of $460 in money. To support this claim he made proof of moneys loaned by him to the bankrupt of $480, which the referee allowed him, and about which no controversy is made in this motion for a rehearing. To support the residue of the $1,200 debt he introduced evidence tending to show that his brother, the bankrupt, had borrowed $1,600 from their mother in her lifetime, and that on her deathbed she told him, in the presence of his said brother, she wanted him to have one-half of this debt John owed her; that after her death he demanded the same of his brother, who refused to recognize or pay it; and that, after threatening him with suit for its recovery, they got together, and in compromise thereof his brother, John, agreed to pay him $700. This is not the claim presented in the sworn statement of the claimant before the referee. It is a clear departure from the cause of action stated in his petition. The rule of law obtains everywhere, under every system of pleading, that the party must establish "by evidence the case made in his pleading; and he is not entitled to recover on evidence which shows a different right of recovery." Duncan's Adm'r v. Fisher, 18 Mo. 404. In Irwin v. Chiles, 28 Mo. 576–578, the court said: "A party is not entitled to a judgment on a finding of facts different from any theory of the case set up in the petition." So Judge Wagner, in Harris v. Railroad Co., 37 Mo. 307, said:

"The statute permits a party to amend his petition after his evidence has been given, to make it conform to the proofs; but no such thing was attempted in this case. It then presents the singular spectacle of declaring for one cause of action, and obtaining judgment for another and different cause. Such a course of procedure is destructive of all certainty in pleading, and can neither be tolerated nor encouraged."

This rule is universal. See Newhan v. Kenton, 79 Mo. 382, and citations. In 22 Am. & Eng. Enc. Pl. & Prac. p. 527, it is said in respect of this rule:

"In order to enable a plaintiff to recover, what is proved, or that of which proof is offered by the party on whom lies the onus probandi, must not vary

from what he has previously alleged in his pleading; and this is not a mere arbitrary rule, but is one founded on good sense as well as good law."

And again, on page 539, it is said:

"Where the statutes require the verification of pleadings, the necessity of a correspondence between the proof and the allegations is even more important than in a case where the pleading is not sworn to."

The bankrupt law, which proceeds much upon principles of equity jurisprudence and practice, requires that the claimant, in presenting his claim to the referee for allowance against the bankrupt estate, must make a statement of what his claim is, and he must purge himself by presenting his claim under oath. He cannot present for allowance a claim for $700, alleged to have been advanced by him to the bankrupt, and which was put into the business of the mercantile store of the bankrupt, and undertake to sustain it by proof that his mother requested the bankrupt to pay the claimant $800 on a debt he owed her, and which was afterwards compromised at $700. The claim should have been rejected by the referee on this ground, without more; and, no matter what the ground of his rejection, if the judgment was right, the court will not disturb it on a review. I am satisfied from an examination of the whole testimony bearing upon the relationship between these brothers, and the transaction by which this claimant sought to cover up the goods of his brother's store by a simulated sale and purchase in fraud of the bankrupt act, that this $700 claim was an afterthought, and was not even in the mind of this claimant when he presented his claim for allowance. It is furthermore apparent to the court from the language of the referee in passing on the question of fact respecting this $700 claim that he meant no more than to say, conceding the fact to exist, the law, as he understood it, prevented its allowance. But, as already stated, no matter what reasons were assigned by the referee for his judgment, it was for the right party, and the finding will not be disturbed.

The remaining item of $463, which was claimed on account of the purchase money advanced by the claimant to the bankrupt on the alleged sale and transfer of the goods, was properly rejected by the referee on his finding that John Lansaw was at the time insolvent, and that fact was known to William Lansaw, the purchaser, under circumstances tending to show that it was a scheme to hinder and defraud the creditors of the bankrupt. It needs no citation of authorities to support the proposition that, where a party makes a purchase of property from an insolvent debtor with the intent to hinder and delay his creditors, or where he takes from such debtor a larger amount of property than is necessary to satisfy his just debt against the insolvent, and this is done under circumstances indicating a conspiracy to cover up such excess of property from the other creditors of the insolvent, it is a fraudulent conspiracy; and, both parties being in pari delicto, the court will afford neither any relief, either by a restitution of the property conveyed or for a recovery of money paid in furtherance of such scheme.

The order of the court heretofore made overruling the exceptions to the referee's report and his action in the premises, affirming the same, will not be disturbed.