GRAND LODGE OF MASONS, Defendant in Error, v. KNOX, Plaintiff in Error.

1. It is a mixed question of law and fact whether particular things are fixtures or not; juries should be guided to an intelligent determination of the question by an explanation of the legal meaning of the term.

*Error to Marion Circuit Court.*

This case has heretofore been before the supreme court. (See 20 Mo. 433.) The following is the first instruction given at the instance of the plaintiff: " 1. Unless the jury find from the evidence that the five presses, or some of them, were fixtures embraced in the sale of the land, and that they were removed by the plaintiff after the bargain was made and before the formal transfer of the property, without the knowledge and against the will of Knox, they will find for the plaintiff the two hundred and fifty dollars claimed with interest."

*Knox & Kellogg*, for plaintiff in error.

*Broadhead*, for defendant in error.

NAPTON, Judge, delivered the opinion of the court.

This judgment must be reversed because the first instruction left to the jury to find whether the book-cases were fixtures or not, without giving them any explanation of this term by which they could have been guided to an intelligent determination of the question.

The instructions concerning the bargain and the date of its completion are probably correct in the abstract, but they really appear to have but little to do with the merits of this claim. As the defendant, however, asked counter-instructions upon this point and thereby appeared to have acquiesced in its relevancy and importance, we should not on this ground alone feel authorized to reverse the judgment. Whether the bargain was closed on the 21st of September, 1849, appears to be not material in this controversy, since the letter of that date, however conditional it may have been, actually resulted in a bargain and sale upon the terms specified in the letter; and if the book-cases were fixtures, and were removed without the consent, express or implied, of the defendant, after his examination of the premises, such removal would hardly consist with good faith, although it may have taken place prior to final consummation of the bargain.

There was evidence in this case tending to show that the defendant, on his way to examine the premises which he proposed to buy, was apprised by the agent of the Grand Lodge that they had removed or were about to remove these book-cases to Lexington. If the defendant attached any importance to the book-cases in his contemplated purchase and was unwilling that they should be removed, it would seem natural that he would have made known his objections at that time. It is uncertain from the testimony whether the defendant ever looked into the chapel building at all during the examination of the premises which resulted in his proposition of the 21st of September. If he did and saw the book-cases still there and considered them of importance in his trade, would he not have come to a distinct understanding about this matter, after the communication made to him by Mr. Draper? If he did not see the book-cases, might not his previous silence, when informed of their removal, be construed as an acquiescence? These questions were of course for the jury; and, although it is true that they were submitted to the jury which tried this case and decided against the

defendant, yet they were so connected with other matters, some of which the jury had no right to decide at all, and others having but little if any bearing on the merits, that we are not at liberty to take this verdict as conclusive upon the point.

If the removal of the book-cases was attended with unnecessary injury to the building, that would be a distinct ground of·damages independent of the defendant's assent.

The judgment is reversed and the cause remanded ; Judge Richardson assents. Judge Scott absent.