ANDREW S. CROTHERS, Respondent, v. LUCY C. ACOCK,
Appellant.

### St. Louis Court of Appeals, January 27, 1891.

1. **Principal and Agent.** An agent is a competent witness to prove his own agency.

2. **Practice, Trial: VARIANCE.** While a plaintiff cannot sue in tort and recover in contract, the rule has reference to the substance and not to the form of the action ; and *held* that, under the facts of this case, there was no such variance.

3. **Vendor and Vendee: WASTE BY VENDOR PENDING NEGOTIATIONS FOR THE SALE.** If a vendor injures land during the pendency of the treaty for its sale, and the vendee concludes the purchase in reliance upon the supposition that the land has not been materially injured in the *interim*, the vendee has a cause of action against the vendor, and such cause of action is as for a wrong.

*Appeal from the Greene Circuit Court.*

REVERSED AND REMANDED.

*Benj. U. Massey* and *Ethelbert Ward*, for appellant.

*R. L. Goode* and *Thrasher, White & McCammon*, for respondent.

ROMBAUER, P. J.—The first count of plaintiff's petition, being the one on which the jury founded the verdict which is complained of, states the plaintiff's cause of action in substance as follows :

In February, 1888, the plaintiff purchased of the defendant a farm of six hundred acres for a consideration of $15,000. It was agreed that the defendant should retain possession until October 1, 1888, accounting to the plaintiff for the intermediate rents. At the time of the purchase, eighty acres of the land contained good timber, which was necessary for the conduct of

the farm.   The plaintiff paid to the defendant the pur-
chase money in October, and was put in possession on
November 1, 1888, but, after the purchase and before
possession of the premises was delivered, the defendant,
without the knowledge or consent of the plaintiff,
caused a large quantity of the timber to be cut off and
sawed up so as to almost wholly destroy it, rendering
that part of the land useless for the premises, to the
plaintiff's damage in the sum of $1,000.

The jury found, on this count, for the plaintiff in
the sum of $400, and the defendant, appealing, com-
plains that the court erred in the rulings on the evi-
dence and instructions, and that there was a total
failure of proof of the cause of action stated in this
count.

The plaintiff offered in evidence the following
memorandum of contract:

" SPRINGFIELD, Mo., February 18, 1888.

" Received of A. S. Crothers $500 in part payment
for six hundred acres of land in Polk county, Missouri,
known as the Mrs. Acock farm,—being the same tract
of land occupied by the family of one Sandy Brown,
under a lease for some years past ; full purchase price
being $15,000.   And, upon the further payment to me
of $4,000 and the execution to Mrs. Acock of a good
and sufficient warranty deed with abstracts showing
perfect title in three pieces of property, in Springfield,
being the property shown by said Crothers to B. U.
Massey and myself, as agents for Mrs. Acock, I will
cause to be made and executed and delivered to said
Crothers a good and sufficient deed of general war-
ranty, with abstract showing perfect title to said six
hundred acres in Polk county—provided, however, if
Mrs. Acock shall secure to said Crothers the payment
of $500, rents not yet collected on said farm for the
year 1888, and due April 1, 1888, said Crothers shall
execute and deliver to her his promissory note for $500,
due in a year, with ten per cent. interest, and secured

satisfactorily to her; and it is further agreed and understood that said Crothers is to have possession of said farm after October 1, 1888.

"JOHN W. LISENBY,

"Agent for Mrs. Lucy C. Acock."

The defendant objected to the admission of this evidence as incompetent, irrelevant and immaterial. The objection *now* urged is that there was not sufficient proof of Lisenby's agency for the plaintiff. Conceding that the objection made at the trial was sufficient, we must conclude that it was not well taken. There was evidence that the final consummation of the contract by deeds was founded on the conditions of this memorandum, and a subsequent ratification in such cases is equivalent to a prior mandate. There was also evidence by the agent himself that, at the time he executed the memorandum, he was the defendant's authorized agent for the sale of this land, which evidence was admitted without objection.

The defendant *now* claims *that* the agent's testimony touching his own agency had no probative force, as agency cannot be proved by declarations or acts of the alleged agent alone. This argument is a misapplication of a well-known principle. Acts and admissions of a pretended agent are not binding on the supposed principal without prior proof of the agency *aliunde* ( *Farrar v. Kramer*, 5 Mo. App. 167 ; *Peck v. Ritchey*, 66 Mo. 114) ; but the agent is a competent witness to prove his own agency.

The plaintiff then introduced the following witnesses : J. L. Donaldson, Wm. Acock, J. J. Harris, J. Goodacre and W. E. Slagle, whose testimony tended to prove that, in the month of June, 1888, a sawmill was put on the said eighty acres by defendant, and all the useful timber on said tract was cut off and sawed up ; and said Donaldson further testified that the timber, when sawed up, was taken off the farm, or at least

he saw several wagon loads of it taken away. There is no dispute about the tendency of this testimony, and no question is raised about it by appellant.

All of these witnesses further testified that they lived in the neighborhood of said farm, and were acquainted with the value of the timber lands of the neighborhood, and said eighty acres was detached from the main body of the farm, which was a prairie farm, and was the only body of timber on it ; that the cutting off of this timber damaged said eighty acres fifty per cent. of its value, and damaged the whole farm in sums ranging from $500 to $1,000. No question is raised by this appeal as to this testimony ; but complaint is made of the refusal of the court to admit evidence on the part of the defendant, as follows :

The defendant asked these witnesses what such timber lands in the neighborhood were worth, and what the adjoining timber land was worth, and what it could have been bought for in 1888. This evidence was excluded. It does not appear by the record whether these questions were put to the witnesses in cross-examination, nor does it appear what the defendant offered to prove by their testimony. On cross-examination the evidence would have been relevant, as tending to show the facts upon which the witnesses based their opinion as to injury caused to the farm by the destruction of the timber. As original evidence it was merely cumulative, as the defendant did show by other evidence without objection that this timber land was not worth more than $5 per acre, and that the eighty acres were not damaged more than $60 or $70 by the reason of the cutting off of the timber. In addition to this, however, we may add that there is no complaint in the motion for new trial that the verdict on this account is excessive, while there is a distinct complaint of that character as to the verdict on the other count. As the excluded evidence in no way affected the right of recovery, but only its extent, we

are of opinion that, under the facts shown by the record, the above ruling of the court does not constitute reversible error.

The main contention of the defendant is that there is a fatal variance between the pleadings and proof; that the first count of the petition states an action for waste; that the evidence at best shows a violation of contract; and that, under the instruction of the court, having reference to the first count, the plaintiff was permitted to recover in *assumpsit*.

The instruction thus referred to and complained of is as follows:

"The court instructs the jury that, if they find from the evidence that, on the eighteenth day of February, 1888, the plaintiff made a contract with the defendant through her authorized agent, John W. Lisenby, for the purchase of the defendant's farm in Polk county, Missouri, and that, at the time said contract was made, there was a part of the said farm covered with timber; and further believe from the evidence that, in October of said year, said farm was conveyed by said defendant to the plaintiff pursuant to the said contract of purchase, and further believe from the evidence that, between the said eighteenth day of February and the conveyance to plaintiff of the farm in October, a portion of the timber standing on the said farm on said eighteenth day of February had been cut off, and that, at the time the farm was conveyed to him, neither the plaintiff, nor his agent, W. D. Crothers, knew that said timber had been cut off (if you find that it had been), then you will find the issues for the plaintiff on the first count of his petition, and assess his damages on the said count in such sum as you believe from the evidence the said farm was injured by the cutting off of said timber."

It may be considered settled by repeated adjudications of the supreme court that, notwithstanding the code, a plaintiff cannot sue upon one cause of action

and recover upon another. He cannot sue in tort and recover in contract, nor *vice versa*. *Link v. Vaughn*, 17 Mo. 585; *Clements v. Yeates*, 69 Mo. 623; *Sumner v. Rogers*, 90 Mo. 324. This, however, has reference not to the form of the action, but to its substance. The nice distinctions between mere forms of action existing at common law are abolished by the code, and the facts showing the right of action need alone be stated. There is in this state but one form of action for the enforcement of private rights and redress of private wrongs, except where special forms are prescribed by statute, as in actions of ejectment, replevin, mechanics' lien, etc. The first count of the petition in this cause is not challenged for its insufficiency, and whether its allegations at common law would have a tendency to show an action in a case for waste or for fraud is immaterial. The plaintiff states a wrong, proves a wrong, and recovers for a wrong; hence, no variance amounting to a failure of proof can be claimed, nor can it be claimed that the instruction, which submits to the jury for their finding the facts as stated in plaintiff's petition, submits to them a cause outside of the pleadings. That the injury caused by the vendor to the freehold during a pending treaty for its sale will give to the vendee, who concludes the sale in reliance upon the fact that the freehold had not been materially injured in the *interim*, a cause of action against the vendor, and that such cause of action is as *for a wrong*, is stated and recognized in *Grand Lodge of Masons v. Knox*, 20 Mo. 433, 441; s. c., 27 Mo. 315.

It appeared from the plaintiff's evidence, as well as from that of the defendant, that, after the execution of the memorandum of February 18, 1888, a survey of the tract was made, and it was ascertained by such survey that the quantity of land sold was seven acres short. The plaintiff thereupon insisted that he had bought the land at $25 per acre, and was entitled to a deduction of $175. This claim the defendant would not concede at

first, whereupon the plaintiff withdrew the $500 deposit, but retained the memorandum. Correspondence between the parties touching the consummation of the contract continued, and, upon the defendant's making the concession claimed, the contract was consummated.

The defendant claimed at the trial, and now claims, that the withdrawal of this deposit was legally equivalent to a termination of the contract of February 18, 1888, and that the exchange of deeds in October was a new contract, and, hence, the plaintiff cannot recover. The defendant asked an instruction to that effect, which the court refused, and properly so. The proposition therein stated, and now contended for, is untenable in law and in fact. The parties continued to treat on the basis of the original memorandum until the exchange of deeds; hence, the court could not instruct the jury that the withdrawal of the money amounted to a cancellation of the memorandum, nor is it material whether the terms of the memorandum were varied in any way, since it is conceded that the injuries to the freehold were done during the pendency of the treaty, which began in February and ended in October.

We are satisfied, on a careful examination of the record, that no errors have intervened at the trial, which would warrant a reversal of the judgment.

All the judges concurring, the judgment is affirmed.