[8; I.   August 24, 1900.]

## JAMES B. BUSHNELL, Appellee, v. E. W. COGGSHALL et al.; Appellants.

### SYLLABUS BY THE COURT.

1. AGENCY—REAL ESTATE BROKERS—COMMISSIONS—FORM OF ACTION FOR.—A person who claims to have an exclusive agency for the sale of real estate, cannot recover a commission in indebitatus assumpsit on the common count, "for goods, wares and merchandise and services sold and delivered" on a sale made by another party, but must sue on the special contract.

2. ID.—While a special contract remains executory, the plaintiff must sue upon it.

*Appeal* from Judgment in Favor of Plaintiff, from District Court of Bernalillo County.   Reversed and Remanded.

Statement of the case by the court.

The declaration in this case was filed in the district court of Bernalillo county on the twenty-third day of April, 1890. It is an action on the common counts in assumpsit, and is in the ordinary form, except that in one count the word "services" is added, so that such count reads that the defendants were justly indebted to the plaintiff "for divers goods, wares, and merchandise and services by the said plaintiff before that time sold and delivered to the said defendants at their special instance and request." To this declaration the defendants filed a plea of non assumpsit.

This suit is brought to recover commissions on the sale of eight lots which belonged to the defendants. The plaintiff does not claim that he made the sale of said lots himself, but contends that under an exclusive agency he is entitled to his regular commission, the same as if he had made such sale. Several days after the bringing of the suit Bushnell was notified by wire that his authority to act for appellants was revoked unless he immediately dismissed all legal proceedings.

The record shows that at the March term, 1898, of the district court of Bernalillo county, there was a trial of the issues before a jury, resulting in a verdict for the plaintiff, Bushnell; a motion for a new trial was filed, and on June 13, 1898, an order was entered sustaining it. An examination of the motion for such new trial and the affidavit filed in support thereof, shows that at the first trial the case was tried on its merits.

At a later term of court the case was tried the second time, and on April 18, 1899, the jury again returned a verdict in favor of Bushnell, appellee herein. Motion for a new trial was filed, argued and overruled, and judgment was duly entered in favor of Bushnell for the sum of $712 and costs. Defendants below appeal. Any additional facts that may be necessary for a proper understanding of the case are stated in the opinion.

CHILDERS & DOBSON for appellants.

The principal proposition involved in this case is whether or not the plaintiff is entitled to recover under the allegations in the declaration, being what is known as the common counts, while the testimony of the plaintiff is to the effect that he had a special contract with the defendants.

Bouvier's Law Dictionary defines common counts as follows:

"Certain general counts, not founded on any special contract, which are introduced in a declaration, for the purpose of preventing a defeat of a just right by the accidental variance of the evidence.

"These are, in an action of assumpsit, counts founded on express or implied promises to pay money in consideration of a precedent debt, and are of four descriptions: The indebitatus assumpsit, the quantum meruit, the quantum valebat and the account stated." 1 Bouv. Law Dic., p. 303.

Indebitatus assumpsit is defined to be "that species of action of assumpsit in which the plaintiff alleges, in his declaration, first a debt, and then a promise in consideration of the debt to pay the amount to the plaintiff." 1 Bouv. Law Dic., p. 607.

The debt alleged in the common counts is, first, on account of goods, wares and merchandise sold by the plaintiff to

the defendant, for which a promise to pay is implied, and there is not a word of evidence to entitle him to recover under said count. The second debt is alleged to be for money laid out and expended by the plaintiff to and for the use of the defendants. The same may be said with reference to this count. The third count and debt alleged in the declaration is for money by the said defendants had and received to and for the use of the plaintiff. There is not a word of evidence to support this count, and the plaintiff is not entitled to recover on an account stated, for the reason that in order to do so, he must show an account, the correctness of which has been admitted by the defendants. The plaintiff is not entitled to recover upon a quantum meruit for the reason that plaintiff's own testimony shows that no services of any character were rendered, and if he was entitled to recover at all on a quantum meruit, it would be for services rendered, and in the plaintiff's deposition, which was used in evidence in this case, the plaintiff states as follows:

"In answer to direct interrogatory 11, he says: My claim against defendants in this suit is for my commission on the sale of four lots in Block letter N, Atlantic & Pacific Addition of Albuquerque, made to Mr. Codington, as above stated by me; and also for a commission on eight lots on the north side of Gold avenue, between Fourth and Fifth streets, sold by defendants through other agents than myself, and the amount of such commission was, to the best of my knowledge and belief at the present time, between five and six hundred dollars, made up as follows: Five per cent. of the purchase price of $10,000 on the lots on Gold avenue, $500; five per cent. on the purchase price of the property sold to Mr. Codington, which I believe, speaking at this distant date and without data, to have been six hundred and seven hundred dollars, giving as my commission thereon something between thirty and forty dollars."

It is very clear from plaintiff's own statement that he does not claim to have rendered any services.

It, therefore, comes down to the single proposition whether or not the plaintiff, who claims to have had an exclusive agency to sell defendants' lots, and entitled to commissions upon all sales of said lots, whether made by

him or any other agent, which is undoubtedly what is known as a special contract, can recover under the common counts as pleaded in the declaration.

As to what plaintiff can recover, and what he must prove in order to recover under the several common counts, see 1 Chitty on Pleadings, page 514 (a) and 515.

It has been held, that where a contract has been performed, and nothing remains to be done but to pay the amount due, a recovery may be had under the common counts, without declaring specially upon the contract. This doctrine is correct when the contract is for the sale of goods, wares and merchandise; for money advanced; for money had and received, and in such cases where they sued upon the common counts for one of these three things and there is a special contract pertaining to the same, and which has been performed by the plaintiff, he can recover. But such is not the law where the plaintiff does not seek to recover for the sale of merchandise, money advanced, or money received, or on account stated, and in this case there is not a word of evidence to support any one of the common counts, or any special contract which the plaintiff might have had with reference to the same.

If the agreement has been wholly performed, or if its further execution has been prevented by the act of the defendant, or by the consent of both parties, or if the contract has been only performed in respect to any one distinct subject included in it, the plaintiff may recover upon the general indebitatus counts in assumpsit. Perkins v. Hart. 11 Wheat, 237.

In this case the plaintiff attempts to recover upon the indebitatus assumpsit, upon the theory that the defendants failed to permit him to perform his contract. If that be true, and he sustained his case, if the evidence showed that there was a contract, he can not recover on the contract for the value of his services, but only for the value of such services as he shows to have been actually performed; that. is, if the word "services" inserted in the declaration is sufficient pleading for any purpose whatever. We respectfully submit that it is not. To the same effect see Dermott v. Jones, 2 Wallace, 9, where it is said:

"While a special contract remains executory the plaintiff must sue upon it. When it has been fully executed according to its terms, and nothing remains to be done but the payment of the price, he may sue on the contract, or in indebitatus assumpsit, and rely upon the common counts. In either case the contract will determine the rights of the parties."

In indebitatus assumpsit, it must clearly be shown that the plaintiff rendered services to the defendants. To the same effect see Dermot v. Jones, 23 How., p. 220; Bank of Columbia v. Pattison's Administrator, 7 Cranch, 229; Washington, etc., Packet Co. v. Sickels, 10 How. 438, where it is said as to a declaration both on the special counts and on the common counts:

"The plaintiff has an undoubted right to give evidence which might enable him to recover on the latter count (common count) in case the defendants should succeed in establishing their plea of non-assumpsit as to the first. In this view of the case the competency and relevancy of the testimony can not be doubted." Washington v. Sickles, 10 How. 438.

Where an express contract is necessary to create a liability, it must be stated and must be proved as laid. Wright v. Greer, 27 Am. Dec. 538. (Ver.)

Here the contract sued upon is not for services which were actually rendered under the contract, but it is for the refusal of the defendants to permit the plaintiff to render the services by disposing of the subject matter of the contract, and refusing to convey whenever the plaintiff should negotiate a sale. It was, therefore, necessary to set up the contract and to prove it in that way. The plaintiff could not recover on his quantum meruit, except for such services shown to have been actually rendered by him, and the evidence shows none to have been rendered. The only pleading that could relate to the contract testified about, or claimed by the plaintiff, is the single word "services" inserted in the middle of a count for the sale of merchandise, and it alleges that the plaintiff sold the defendants his services and that they were delivered, as if he was bringing a suit for merchandise.

See, also, Eckel v. Murphy, 53 Am. Dec. 609, fully discussing the right to maintain indebitatus assumpsit on a special

contract, and showing conclusively, under the common law authorities, that it could not be done except in case of complete performance of the contract, or if not completely performed, plaintiff must set up his contract and allege reasons for its non-performance. See, also, Cummings v. Nichols, 38 Am. Dec. 501; Marshall v. Jones, 25 Am. Dec. 260; Winstead v. Reed, 57 Am. Dec. 571; Rankin v. Darnell, 52 Am. Dec. 557; Waite v. Merrill, 16 Am. Dec. 238.

And we respectfully submit that the judgment should be reversed and the case remanded.

N. C. COLLIER and O. N. MARRON for appellee.

1. The plaintiffs in error, in their brief, attempt to limit the inquiry to the proposition as to whether the proof adduced on the trial sustains the allegations in the complaint.

Upon that proposition we contend that the verdict of the jury and the judgment of the court entered thereon should not be disturbed here.

We have examined the authorities cited by the plaintiffs in error, and it does seem to us that under the facts as proved and found by the jury in this case, our contention is fully sustained by those authorities.

In the case of Perkins v. Hart, 11 Wheat. 237, is found this language as applicable to the law in this cause:

"If the agreement was wholly performed by the plaintiff in the lifetime of Hart, if its further execution was put an end to before its completion by the act of Hart * * * then the plaintiff was not precluded from recovering in this action. Nay, further, if the contract was fully performed in relation to any one subject covered by it, as for example the sale, collection and remittance of the purchase money for any one township or parcel of land, the plaintiff might well maintain an action of indebitatus assumpsit for his stipulated compensation, in cash, on that transaction and was not bound to wait until all the lands to which his agency extended were disposed of."

The language quoted from the case of Dermott v. Jones, 2 Wall. 9, in the brief of plaintiffs in error if applied to the facts in the case at bar shows our right to recover.

Bushnell, relying upon the facts that he was the exclusive agent of the defendants, expended money in advancing their interests, performed labor in and about the advertising of their property for sale, and as Bushnell testified, which was not denied by defendants, they were notified by him that the value of their lots were advancing, and upon the advice so given the prices were advanced at least 25 per cent., resulting in the defendants getting upwards of two thousand dollars more than was theretofore asked for these very lots sold to Dobson and upon which a commission is claimed. Bushnell secured a purchaser for lots in the Atlantic & Pacific Addition. "In the summer of 1890 I had contracted for the sale and taken cash deposits from Mr. Coddington to bind the sale and this was nullified by Mr. Underhill." Testimony of Bushnell.

At the very time that the sale was made to Childers and Dobson, he was negotiating with Stamm for the purchase of the other lots, and the defendants, by their own acts, prevented the further execution of the contract. Under the authority, then, of Perkins v. Hart, 11 Wheat. 237; Dermott v. Jones, 2 Wall. 9; Bank v. Pattisons, Admrs., 7 Cranch, 299; Packet Co. v. Sickles, 10 How. 438, Bushnell is entitled to recover in this action.

We respectfully submit, also, that the other authorities cited in no way controvert the proposition for which we contend.

In Cummings v. Nichols, 38 Am. Dec. 501, is found the following language:

"It is settled that when labor is performed, materials furnished, etc., under a special contract, and the contract is fully performed, so that the money is due, and nothing remains to be done but to make payment, the party is not obliged to declare upon the contract, but may sustain an action upon the common counts."

Can this be said to be an authority against the contention of defendant in error?

2. We cite the following additional authorities upon the proposition that when a contract has been performed and nothing remains but to pay what is due, common counts lie. Bank

v. Peterson, supra, 7 Cranch, 299; Simmons v. Duck Co., 133 Mass. 298; Manill v. Houghton, 154 Mass. 465; Herman v. Imp. Co., 58 Mo. App. 480; So. B. & L. Asso. v. Price, 42 L. R. A. 206.

When defendants prevent plaintiff from performing special contract he puts an end to the same to the extent that plaintiff may recover on common counts. Livingston v. Livingston, 10 Johns. 36; Dubois v. Canal Co., 4 Wend. 285; Mooney v. Iron Co., 82 Mich. 263; Parker v. Macumber, 16 L. R. A. 858.

In Bank v. Pattison, supra, 7 Cranch, 299, the highest court of our land says that "We take it to be incontrovertibly settled that indebitatus assumpsit will lie to recover the stipulated price due on a special contract, not under seal, when the contract has been completely executed and that it is not necessary in such a contract to declare upon the special agreement."

Under the logic of that ruling there is no variance here and the common counts were proper.

The acts of the defendants in preventing the completion of the contract, take the contract out of the sphere of construction for both Bushnell and Underhill agree that for the sales theretofore made by Bushnell, defendants accounted to him for his commissions at the rate of five per cent.

3. Conceding, for the sake of the argument, that the declaration was inartificially drawn, yet the plaintiffs in error, not being misled, have no ground for complaint. Code Civil Pro., Sec. 78; Nash v. Towne. 5 Wall. 689; Wetzell v. Wagoner, 41 Mo. App. 515; Catlin v. Gunter, 1 Kernan, 373; Cayuga Bank v. Dunklin, 27 Mo. App. 446; Craig v. Ward, 36 Barb. 377; Foot v. Goodling, 9 Barb. 371; Rose v. Bell., 38 Barb. 25; Murray v. Meade, 32 Pac. 780.

This is especially true when there has been a former trial. Davis v. Patrick, 141 U. S. 490; Miller v. White, 4 Hun. 62.

This case has been twice tried on this declaration, and the motion for a new trial in the record logically shows that the same issue was tried upon its merits in the first and second trials and all evidence offered to support the issue went in without objection. We think that the authorities show that

when a case is tried upon its merits, and that the losing party has not been surprised or misled, but has accepted that issue, it is too late at the close of all the evidence on the second trial, for the plaintiffs in error to take the position that this shall be considered a trial if I win, but no trial if I lose. Counsel single out an expression in the allegations of our complaint, and assert that upon this we must stand. If this be so, we insist that it is sufficiently definite, though perhaps somewhat inartificial. When they have had two trials upon an issue upon which they were content to invoke the rulings of the court and the verdict of a jury, the time for hypercritical observations upon pleadings would appear to have passed.

We respectfully call the attention of the court to the following language in Nash v. Towne, supra, that a liberal descretion, superinduced by statutes, "May be said to have established the general rule in the state tribunals that no variance between the allegations of a pleading and proof offered to sustain it shall be deemed material unless it be of a character to mislead the opposite party in maintaining his action or defense upon the merits." 5 Wall. 689.

Surely if a bill of particulars of the demands of plaintiff had been asked for and furnished, and the defendants had gone to trial, it would not lie in their mouths to complain. Shall it be said that they are the less concluded when no surprise, prejudice or misleading is averred and when evidence is offered and received without objection, not alone on the first but on the second trial of the issues here? Is it speaking harshly to say that this is trifling with the court?

4. When the declaration contained only the common counts, and objection was made that there was proof of a special contract, the court refused to consider this point as no objection was made to the evidence conducing to prove a special contract. C. & O. Canal Co. v. Knapp, 9 Peters, 565.

Nowhere in this record can an objection be found to the evidence tending to prove a special contract.

Failure to object to evidence about a special contract makes objection to the form of complaint untenable. Higgins v. Railroad Company, 66 N. Y. 604.

We respectfully submit that the judgment of the lower court should be affirmed.

We desire first to direct the court's attention to the fact that the court below, by its instructions, limited our recovery to the commissions on the sales to Dobson and Kent, to· wit, 5 per cent. on $9,750.00, Dobson paying $4,750 and Kent $5,000.00, as shown by their testimony. We think that this fact should eliminate what the opinion has to say in reference to the commission on the sale to Coddington.

In support of the petition for rehearing we do not propose to take issue as to any principle of law decided by this court, nor to deny that if the judgment to which the writ of error was sued out had been had from the first trial of this case it should not be reversed. We do not wish to further contest these questions. What we do plant ourselves upon, and this is a question that the court in its opinion does not touch, is, that the defendant's motion at the close of plaintiff's evidence in the second trial was just as effectually barred from consideration after a former trial upon the merits with no objection of this kind urged, as it is possible to bar such a motion. Let us illustrate before proceeding to the citation of authority: Two litigants go to trial upon a declaration in the common counts, and the proof shows a special contract yet executory, and the case is fought upon the question of there being or not being any such contract at all. Plaintiff gets a verdict upon this question fairly submitted and defendant obtains a new trial upon a motion disclosing in no way that he claimed failure of proof to support the declaration. What point then has been reached? Plainly it seems to us that ·he may again only contest the case upon the merits. Suppose the motion had been denied and the appellate court had reversed the lower court? It is certainly true that the appellate court would not reverse upon the ground that there was a failure of proof to support the cause of action stated, when plaintiff in error urged no such ground. It is true that courts sometimes ex mero motu reverse, but this is upon jurisdictional grounds and not to piececut a party's pleadings or give him a right he has not claimed, especially if he has fully and fairly had his day in court.

Citing this court to its statement of facts in this case we quote: "An examination of the motion for such new trial and the affidavit filed in support thereof, shows that at the first trial the case was tried on its merits. At a later term of court the case was tried a second time, and on April 18, 1899, the jury again returned a verdict in favor of Bushnell, appellee herein." Now we say that in effect the defendants in their first motion for a new trial, asked the court to allow them to try again the issue that was tried before, and the court ruled they might. Having secured this position, defendants now seem in effect to say:

"It is true plaintiff's evidence was sufficient to recover in the first case, if believed, but now we wish to shift our ground and say that, even if believed, it is not sufficient. We know what he was suing for, but the newly discovered evidence that gave us the new trial, gives us also an advantage far beyond what we ever contemplated asking. Though we did not object to evidence or urge that there was failure of proof and thus have ended the case on the first trial, and though it is our fault that there was a second trial at all, yet we are as unrestrained as though this were the first trial of the case."

We now proceed to cite authority to show the utter fallacy of this position. We quote from a decision of the United States Supreme Court, as follows: . "It is also objected that the court erred in not directing a verdict for defendant upon the ground of a departure from the allegation of the petition. That counts on an original employment by Davis in 1873, while the testimony shows that the original employment was by the mining company, and that the promise of Davis was made in 1874 and after Patrick had been at work for months with the mining company. As no objection was made to the admission of testimony on this ground, and as an amendment of the petition to correspond to the proof would involve but a trifling change, we can not see there was any error in the ruling of the court. If objection had been made in the first instance, doubtless the court would, or ought to have done, have permitted an amendment of the petition. There was no surprise, for the facts were fully developed in the former trial." Davis v. Patrick, 141 U. S. 479-90.

The court will observe that there is no assignment of error upon the ground of ruling on the admission of evidence, and their language cited is, therefore, peculiarly applicable. The court has also said that "The general rule in the state tribunals" is "that no variance between the allegation of a pleading and the proof offered to restrain it shall be deemed material unless it be of a character to mislead the opposite party in maintaining his action or defense on the merits." Nash v. Towne, 5 Wall. 689.

Observe this language in a New York case, where also some effect is given to the fact that there had been a former trial, to have been sufficient in all respects.

"Upon the issue so (defectively) framed the action was tried and determined in favor of plaintiff, and a new trial ordered on the reversal of the judgment by the court of appeals. After so much litigation in the case there can be no reason for believing that the defendants can be misled as to the nature or description of the claim made against them. Their protection does not require a dismissal of the complaint at the present stage of the proceedings." Miller v. White, 4 Hun. 62.

In two cases from Arkansas, one approving the other, we find that where a case is tried upon an issue not embraced within the pleadings, the court giving instructions on both sides upon the law bearing on such an issue, the verdict will stand. St. Louis, A. &. T. R. Co. v. Triplett, 11 L. R. A. 778. Op. on Rehearing. St. L., I. M. &. S. R. Co. v. Harper, 44 Ark. 527.

All we ask is that defendants, the plaintiffs in error, be held down to the position they occupied in the first motion for new trial, except as to different subsequent errors, and not be allowed to secure a new trial on one ground, and when they have passed the point where they could have urged failure of proof and did not do it, losing again should entitle them to go back to the beginning.

In Missouri, from which state our code is taken, it is ruled that where defendant fails to demur to the evidence, he impliedly admits that there is not a complete failure of evidence, etc. James v. Hicks, 76 Mo. App. 108.

Defendants did impliedly admit this very thing on the

former trial, and having obtained a new trial on other grounds, they now claim that this admission is as if never made.

This, we claim, is unjust and entraps the plaintiff. If a verdict is acknowledged in one trial to be good on that issue, the obtaining of a new trial not because that was not the issue, but upon other grounds, ought not to make it bad on a second trial, especially where there is no assignment of error or to admissibility of evidence.

We cite also to a very apt case from New York, in which it is held that the failure to object to evidence about special contract not being made at the trial, objection to form of complaint being that on the common counts, is held not tenable. Higgins v. R. R. Co., 66 N. Y. 604. See also Murray v. Meade, 5 Wash. 693; 32 Pac. 780.

We respectfully petition a rehearing of this cause, or that the decision of this court heretofore announced, be changed to an affirmance of the judgment of the lower court.

MILLS, C. J.—The first and fourth assignments of error are to the action of the court in refusing to instruct the jury to find for defendants. This motion was made by the defendants both at the close of the plaintiff's case in chief and at the close of all the evidence in the case. When first made at the close of the plaintiff's case, it was overruled, the court assigning as a reason therefor that it was sufficiently shown from the evidence that it was a question for the jury, as to whether or not the character of the agency was that of an exclusive agency. To this ruling defendants excepted. At the close of all the evidence in the case counsel for defendants renewed the motion in writing. The grounds are set out in the motion: First, that the declaration was on the common counts, and not upon a special contract to sell real estate and that the evidence did not sustain the counts; second, that the declaration was for services sold and delivered at the special instance and request of the defendants, and the evidence showed a claim for commission on real estate actually sold by other persons, acting as agents of the defendants, in violation of a contract of the defendants with the plaintiff, giving him the exclusive right to sell said real estate. These are the substance of the grounds set up in the motion. The court overruled the mo-

tion and instructed the jury of its own motion, in part, as follows: "Then if you further find that such employment gave Bushnell as long as it continued an exclusive right to sell said lots, then the court instructs you that the sales made to F. H. Kent, and Childers and Dobson by defendants directly before such agency or employment had been revoked, entitled the plaintiff to recover his commission of five per cent. on nine thousand seven hundred and fifty dollars, with interest thereon from March first, 1891, which amounts at this time to $710.00." At the request of the plaintiff the court gave an instruction containing the following: "That even though the jury might believe that while said agency was unrevoked some other agent of the defendants; that is to say, Eugene Underhill authorized F. H. Kent and E. W. Dobson, the consent of plaintiffs not being first obtained, to sell the said lots, this would not defeat plaintiff's claim for commission, if, in fact, he had such an exclusive agency and such testimony is before you as other testimony in considering whether or not he did have such exclusive agency." Defendants excepted to the giving of these instructions.

The second assignment of error is to the action of the court in overruling defendant's motion for a new trial. The action of the court in refusing to grant a new trial is not the subject of review, although this court has held that it was necessary to make a motion for a new trial and have it overruled, before the appellate court could review errors of law committed on the trial. Coleman v. Bell, 4 N. M. 28; Buntz v. Lucero, 7 N. M. 220; Schofield v. Territory, 56 Pacific Rep. 306; Schofield v. Slaughter, 54 Pacific Rep. 757. It is, therefore, only necessary to consider the other three assignments of error. All of them are based upon the proposition that the plaintiff could not recover upon the count in the declaration for "services" sold and delivered. For the purpose of considering the case, we will treat this as a count for services rendered at the request of the plaintiff. The informality or inaccuracy in the language used may be held to have been cured by subsection 78 of section 2685, Compiled Laws of 1897. This count thus treated,

is the only count to which any of the evidence introduced can be claimed to apply.

The plaintiff claims that he had the exclusive right to sell the property of the defendants under his contract with them, and was entitled to receive therefor five per cent. commission on the purchase money. The plaintiff himself testified that his claim was for five per cent. on $10,000, the purchase price of eight lots on Gold avenue "sold by the defendants through other agents than myself," and five per cent. upon lots sold by himself to one Coddington for a sum between six and seven hundred dollars, the commission thereon amounting to between thirty and forty dollars. The plaintiff actually sold only the Coddington lots. His claim to commission on the other lots is based upon his alleged contract of exclusive agency, and a violation of that contract, by defendants permitting other persons to sell the lots.

*AGENCY: real estate brokers' commissions: form of action for.*

The appellants contend that this evidence does not sustain a general count in indebitatus assumpsit, and that in order for the plaintiff to have recovered on the evidence, he should have declared specially on his contract. The appellee and plaintiff below, insists upon the rule of law, that when a special contract, not under seal, has been fully performed by the plaintiff, and nothing remains to be done but the payment of the money by the defendant, the liability of the defendant may be enforced under the indebtitatus assumpsit count, and in such cases it is not necessary to set out or declare upon the special count. That in either case the contract will determine the right of the parties, and cites Dermott v. Jones, 2 Wall. 1, and other authorities. There can be no doubt that this principle of law is sound. Applying it to the facts in evidence in this case we find from the undisputed evidence that the appellee did complete his contract and sell lots in value from six to seven hundred dollars to Codington, and that the appellants refused to carry out the sale under the contract by executing and delivering a deed for the lots to the purchaser. Cash deposits on account of the purchase money had been taken, but the sale had not been completed until after this suit was

brought. Thereupon the defendants revoked the agency and refused to execute and deliver the deeds to the purchaser, Codington. Appellee did not complete either of the other sales to Kent or to Childers and Dobson, on which he claims to recover commissions, and the right to recover which the court below submitted to the jury by its instructions. There is no evidence to show that the appellee would have sold the lots to any other purchaser but for the acts of the defendants which prevented him from so doing. The court submitted the case to the jury upon the theory that if the appellee had the exclusive right to sell, he was entitled to recover for all sales made, whether by himself or any one else. This was error, so far as the facts in evidence in this case are concerned. The principle that recovery may be had upon the common counts where the plaintiff is prevented from carrying out his special contract by acts of the defendant has no application in this case. There is nothing to show that prior to the bringing of this suit the appellants would not have recognized any sale made by appellee, and carried it out, or that any act of the appellants or any other agents employed by them prevented the appellee from making any sales.

The appellee's claim to recover is based, as already stated, solely upon the claim that he had the exclusive right to sell these lots, and that the appellants had permitted other persons than himself to sell them. Upon this claim, no recovery can be had except upon the special contract itself. As to these items there was an entire failure of proofs of the cause of action alleged in the declaration, within the meaning of subsection 80 of section 2685, Compiled Laws of 1897: Beck v. Ferrara, 19 Mo. 30; Link v. Vaughn, 17 Mo. 585; Buffington v. Atlantic & Pacific R. R. Co., 64 Mo. 246; Kildow v. Irick, 33 S. W. Rep. (Texas) 315. As to these items, the sales to Kent and Childers and Dobson, the contract was still executory. "While a special contract remains executory, the plaintiff must sue upon it." Dermott v. Jones, 2 Wall. 9. The theory upon which the recovery can be had in indebitatus assumpsit, upon a part performance is that the other party had derived some benefit from the part performance which he should not have done without paying something for

it.  "The law, therefore, implies a promise on his part to pay such a remuneration as the benefit conferred is really worth; and to recover it, an action of indebitatus assumpsit is maintainable."  Dermott v. Jones, 23 Howard, 220.  The sales to Kent and to Childers & Dobson not having been completed by the plaintiff, he was not entitled to recover for commissions upon them in this action in indebitatus assumpsit on the common count.  The Codington sale was completed, and the refusal of the defendants to carry it out took place after this suit was brought.  The appellee could not recover for any cause of action which did not exist at the time of the bringing of his suit.  The action as to the Coddington sale was prematurely brought.  He was, therefore, not entitled to recover upon any sale shown by the evidence, and the motion of the appellants for an instruction to the jury to find in their favor should have been sustained.

For the reasons above stated, the judgment will be reversed and the cause remanded with instructions to the court below to proceed in accordance with this opinion.

Parker and McFie, J. J., concur; Crumpacker, J., having tried the case below, and Leland, J., being absent, did not participate in this decision.

---

[879.  August 24, 1900.]